IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| JOHN DOE #1, et al, ) | |
| ) | No. 3:25-cv-00042-RGE-WPK |
| Plaintiff, ) | |
| ) | |
| v. ) | GOVERNMENT'S RESISTANCE |
| ) | TO MOTION TO PROCEED |
| KRISTI NOEM, in her official capacity ) | UNDER PSEUDONYMS AND |
| as Secretary of Homeland Security, et al, ) | MOTION FOR PROTECTIVE |
| ) | ORDER |
| Defendant. ) | |

Defendants respectfully submit their resistance to Plaintiffs' Motion for Leave to Proceed Under Pseudonyms and Motion for Protective Order (Court's Docket No. 9).

Plaintiffs are seeking injunctive relief, based on their termination from the Student and Exchange Visitor Information System (SEVIS), and cancellation of their F-1 student visas. Plaintiffs seek to proceed under pseudonyms. Each plaintiff has filed two written statements identifying each plaintiff's country of citizenship and course of study, certain details regarding their termination from SEVIS, and information about the cancellation of their F-1 student visas. (*See* Motion for TRO, Exhibits 1, 4, 7, 10; Motion for Leave to Proceed, etc., Exhibits 1-4.) Nonetheless, agency counsel has advised that DHS/ICE will need plaintiffs' identities to implement the terms of the Temporary Restraining Order entered by the Court. (*See* Court's Docket No. 10.)

In its leading case on the subject of proceeding under pseudonyms, the Eighth Circuit noted that "[f]ederal courts disfavor the use of fictitious names in

legal proceedings." *Cajune v. Independent School District 194*, 105 F.4th 1070, 1076 (8th Cir. 2024) (citing cases). The court observed that "[t]he use of fictitious names runs afoul of the public's First Amendment interest in public proceedings and their common law right of access thereto." *Id.* Additionally, the Federal Rules of Civil Procedure do not include any provision "allow[ing] plaintiffs to proceed under pseudonyms" and, in fact, contemplate the opposite. *Id.* (quoting Rules 10(a) and 17(a)). Nonetheless, the Eighth Circuit recognized that there may be "*limited circumstances* where the party's need for anonymity outweighs countervailing interests in full disclosure." *Id.* at 1077 (emphasis supplied).

Reviewing the case law from other courts, the Eighth Circuit identified a "non-exhaustive" list of factors that a district court should consider in weighing these "competing interests." *Id.* Factors that may justify anonymity in certain "exceptional" cases include whether "the party seeking anonymity [is] challenging government activity;" whether identification of the party in public pleadings would "reveal information of a sensitive and highly personal nature;" whether the party would risk criminal prosecution because the party would otherwise be forced "to admit an intention to engage in illegal conduct;" and whether the party has demonstrated a "danger of retaliation." *Id.* (citations omitted).

> Factors that weigh against party anonymity include whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant, whether the public's interest in the case is furthered by requiring that the litigants disclose their identities, and whether there exist alternative mechanisms that could protect the confidentiality of the litigants.

*Id.* (cleaned up). In *Cajune*, for example, the Eighth Circuit determined that a generalized fear of "reprisal from political activists" (together with other factors) was not sufficient to warrant allowing the plaintiffs to proceed under pseudonyms. *Id.* at 1078.

This case does not present sufficient exceptional circumstances to permit plaintiffs to proceed under pseudonyms. First, as a practical matter, defendants need the identifying information not only to defend this litigation, but also to implement the Court's TRO. Second, to the extent that plaintiffs wish to present private, sensitive information beyond that included in their written statements already filed with the Court, plaintiffs could seek to provide such information under seal. Third, plaintiffs have not established that they would face criminal prosecution if they were to proceed under their own names. At most, plaintiffs have suggested that some members of the public might have a generalized disagreement with their legal position (*see* Plaintiffs' Brief at 5-6), which seems similar to the unsuccessful argument made in *Cajune*.

Finally, plaintiffs seek a protective order, based on the claimed possibility that information disclosed in this litigation might be used in connection with removal proceedings. In response, the government points out that the key facts concerning plaintiffs' status appears to already be known to the relevant agencies, as evidenced by the information set forth in plaintiffs' written statements. Additionally, the Court already has entered a TRO which basically accomplishes plaintiffs' desire for some assurance that they will not be removed on the basis of

the termination of their F-1 statuses or otherwise arrested, detained, or transferred out of the Court's jurisdiction without adequate notice. (*See* Court's Docket 10, at p. 14.) Thus, there is no need for the Court to grant this same relief under the rubric of a protective order.

WHEREFORE Plaintiffs' Motion for Leave to Proceed Under Pseudonyms and for Protective Order should be denied.

> Respectfully submitted,
>
> Richard D. Westphal
> United States Attorney
>
> By: */s/Andrew H. Kahl*
> Andrew H. Kahl
> Rachel J. Scherle
> Assistant United States Attorneys
> Neal Smith Federal Building
> 210 Walnut Street, Ste 455
> Des Moines, Iowa 50309
> Telephone: (515) 473-9300
> Facsimile: (515) 473-9282
> Email: Andrew.Kahl@usdoj.gov
> Email: rachel.scherle@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2025, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_\_U.S. Mail  \_\_\_\_\_ Fax  \_\_\_\_\_Hand Delivery  \_\_X\_\_ECF/Electronic filing
\_\_\_\_Other means

UNITED STATES ATTORNEY

By: */s/ Suellen Irwin*
   Paralegal Specialist