**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**DAVENPORT DIVISION**

| | |
|---|---|
| JOHN DOE #1, *et al.*, | Case No. 3:25-cv-00042-RGE-WPK |
| *Plaintiffs*, | **Reply in Support of Plaintiffs' Motion to Proceed Under Pseudonym and Motion for Protective Order** |
| v. | |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, | |
| *Defendants*. | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM AND MOTION FOR PROTECTIVE ORDER**

**I.   Introduction**

The facts of this case are precisely the kind of "limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure," and Defendants' arguments do not demonstrate otherwise. *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024). The *Cajune* factors weigh in Plaintiffs' favor. First, the government is the defendant and does not have the same need for privacy as a private litigant. *Id.* Second, disclosure of Plaintiffs' identity would reveal highly sensitive information and put them at risk for harassment, retaliation, detention, and deportation by ICE. *Id.* Third, while Plaintiffs do not face criminal prosecution, they face possible deportation, which is often described as banishment, exile, and nearly as severe to criminal punishment. *Id.*; *see also Galvan v. Press*, 347 U.S. 522, 530 (1954) ("[D]eportation may . . . deprive a man of all that makes life worth living" and "is a drastic measure and at times the equivalent of banishment or exile.") (internal citations and quotations omitted). For these reasons, Plaintiffs ask

the Court to grant their motion to proceed under pseudonym and issue a protective order, as many district courts have done in recent SEVIS cases.[1]

## II. Argument

### A. Defendants here are government officers and agencies, reducing their interest and need in the Plaintiffs' identities.

Defendants in this case are two government officers sued in their official capacity and a government agency. *See* Compl., ECF No. 1, at ¶¶ 16–18. Government defendants do not have the same level of reputational harm as a private party, decreasing the need for plaintiffs' identities. *See SMU Ass'n of Women L. Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir. 1979) (need for disclosure lessened where plaintiffs are "challenging the constitutional, statutory or regulatory validity of government activity.").

Additionally, Defendants are not prejudiced by Plaintiffs' anonymity. In light of this Court's temporary restraining order enjoining Defendants from detaining and deporting Plaintiffs (ECF No. 10), counsel for Plaintiffs provided Plaintiffs' identities to Defendants on April 29, 2025.[2] Accordingly, Defendants cannot point to any prejudice in their defense of this case by Plaintiffs proceeding under pseudonyms. *See Doe v. Grinnell Coll.*, 2017, No. 4:17-cv-079-RGE-SBJ, 2017 WL 11646145, at *4 (S.D. Iowa July 10, 2017) (finding no prejudice where "Defendants know Plaintiff's true identity."). Indeed, Defendants' only complaints were the practical impact of not knowing the

---

[1] *See Doe #1 v. Noem*, No. 25-CV-317-WMC, 2025 WL 1207190, at *1–2 (W.D. Wis. Apr. 25, 2025); *Student Doe v. Noem*, No. 2:25-cv-01103-DAD-AC, 2025 WL 1134977, at *1–3 n.1 (E.D. Cal. Apr. 17, 2025); *Doe v. Noem*, No. 3:25-cv-00023, 2025 WL 1161386, at *1 (W.D. Va. Apr. 21, 2025); SD *Student Doe #1 v. Noem*, No. 25-cv-926-RSH-BLM, 2025 WL 1194080, at *7–8 (S.D. Cal., Apr. 24, 2025); *Arizona Student Doe #1 v. Trump*, No. CV-25-00174-TUC-JGZ, 2025 WL 1192826, at *7–8 (D. Ariz. Apr. 24, 2025); *W. B. v. Noem*, No. 25-cv-03407-EMC, 2025 WL 1180296, at *1 n.1 (N.D. Cal. Apr. 23, 2025).

[2] Plaintiffs continue to seek a protective order in the event that the TRO is not converted into a preliminary and then permanent injunction, and Plaintiffs are no longer under the protection of an injunction.

2

Plaintiffs' identities, all of which are now resolved. *See* Defendants' Resistance, ECF No. 12, at 2 [hereinafter "Defs.' Res."] ("[A]s a practical matter, defendants need the identifying information not only to defend this litigation, but also to implement the Court's TRO.").

### B. Defendants downplay the level of retaliation, harassment, and government enforcement Plaintiffs face.

Defendants minimize the harm Plaintiffs face should their identities be known publicly without a protective order in place. Plaintiffs each subjectively fear harassment, retaliation, and reprisal. In their declarations, they illustrate their anxiety, worry, and stress they are living under and the physical manifestations of that stress: not sleeping well, loss of appetite, racing thoughts, and in the case of Doe #3, the need for increased anti-depression medications. *See* Pseudonym Mot., ECF No. 9, Ex. 1 at ¶¶ 15–16; Ex. 2 at ¶¶ 12–13; Ex. 3 at ¶ 11; Ex. 4 at ¶¶ 13–14. This fear is fueled by emails from the Department of State telling each Plaintiff warning they could be immediately arrested, detained, and deported—and could even be deported to some third country, rather than their home country. *See* TRO Mot., ECF No. 5, Ex. 3; Ex. 6; Ex. 9; Ex. 12.

Plaintiffs' fear is also objective and goes beyond the public's "generalized disagreement with their legal position." Defs.' Res. at 2. Plaintiffs fear public retaliation, given this hotly contested and socially charged issue. Other courts in SEVIS-termination cases have found "the threatened harm is severe, plaintiff's fears are reasonable, and plaintiff is vulnerable to retaliation." *Doe v. Noem,* No. 2:25-CV-01103-DAD-AC, 2025 WL 1134977, at *2 (E.D. Cal. Apr. 17, 2025) (granting pseudonym motion); *see also Doe #1 v. Noem*, No. 25-CV-317-WMC, 2025 WL 1207190, at *1 (W.D. Wis. Apr. 25, 2025) (granting pseudonym motion where plaintiffs fear "reprisal in the form of arrest, detention, and removal, as well as the possibility of 'blacklisting' by DHS or ICE that would jeopardize future visa applications."); *Ariz. Student Doe #1 v. Trump*, No. CV-25-00174-TUC-JGZ, 2025 WL 1192826, at *4 (D. Ariz. Apr. 24, 2025) ("Plaintiff's concerns of retaliation and reputational harm are reasonable and potentially severe."). Unlike in *Cajune*, Plaintiffs here fear more

than just "disapproval" from members of their community—they fear very real retaliation, blacklisting, and the possibility of detention and deportation.

### C. The magnitude of detention and deportation is akin to criminal prosecution.

Addressing the third *Cajune* factor—the possibility of criminal prosecution—Plaintiffs are not presently under threat of prosecution. *See Cajune*, 105 F.4th at 1077. But they are under threat of detention and deportation—enforcement actions that carry life-altering consequences, stigma, and loss of liberty nearly as severe as criminal prosecution. *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213 (3d Cir. 2020) (noting that "[d]espite its civil label," immigration detention is "indistinguishable from criminal punishment."). Accordingly, *Cajune's* reasoning applies equally to the threat of detention and deportation if the plaintiffs' identities become known without a protective order. The Court should find this factor in Plaintiffs' favor.

### D. Defendants' alternative measures will not protect the Plaintiffs' identities.

Defendants propose that if further sensitive information needs to be filed, it can be filed under seal, misunderstanding the weight of Plaintiffs' concern for anonymity. Defs.' Res. at 2. Plaintiffs have already revealed sensitive information through the filing of this lawsuit, including their immigration status, encounters with law enforcement, mental anguish and anxiety, and their future education plans. *See* Compl. at ¶¶ 34–68. Filing information under seal in the future will not shield Plaintiffs from those facts that have already been necessarily revealed in the course of litigating this case thus far.

### III. Conclusion

Plaintiffs respectfully ask the Court to grant their pseudonym motion and enter a protective order regarding the use of their information by Defendants. Plaintiffs face real fear of reprisal, harassment, and enforcement should their identities become known. Plaintiffs have provided Defendants and the Court with enough information to properly decide their case while maintaining

their anonymity. To that end, Plaintiffs do not plan to attend the preliminary injunction hearing on Monday, May 5, to continue to protect their anonymity. Counsel for Defendants has indicated they do not intend to call the Plaintiffs as witnesses, but should the Court request their appearance, they will be present.

Dated: April 30, 2025                                  Respectfully submitted,

*/s/ Katherine Melloy Goettel*
KATHERINE MELLOY GOETTEL
MIKHAIL ACHERKAN*
JUDE HAGERMAN*
ANGELA PANDIT*
IAN REEVES*
JUSTIN REMPE*
ISABELLA SIRAGUSA*
University of Iowa College of Law
Clinical Law Programs
380 Boyd Law Building
Iowa City, IA 52242-1113
Telephone: (319) 335-9023
Email: kate-goettel@uiowa.edu

*Counsel for Plaintiffs*

* Authorized law student practitioners

**CERTIFICATE OF SERVICE**

    I certify that on April 30, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to counsel for Defendants.

                                              */s/ Katherine Melloy Goettel*
                                              KATHERINE MELLOY GOETTEL
                                              *Counsel for Plaintiffs*