UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, AND JOHN DOE #4<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM and TODD LYONS<br><br>Defendant. | Case No.: 3:25-cv-00042 |

### DECLARATION OF ANDRE WATSON

I, Andre Watson, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am the Senior Official within the National Security Division (NSD) for Homeland Security Investigations (HSI). I am a career member of the Senior Executive Service with the rank of Assistant Director. Prior to becoming the Assistant Director of NSD, I served on a detail assignment to the U.S. Department of Homeland Security in the capacity of Principal Deputy Assistant Secretary for the Countering Weapons of Mass Destruction Office. I have additionally served as the HSI Special Agent in Charge in Baltimore, M.D., Deputy Special Agent in Charge in Washington, D.C., Assistant Special Agent in Charge in Houston, T.X., and Supervisory Special Agent in Blaine, W.A. I have also previously served in Headquarters assignments such as Chief of Staff to the Deputy Director of U.S. Immigration and Customs Enforcement (ICE), Chief of Intelligence for the U.S. Department of Justice, International Organized Crime and Intelligence Operations Center, and various supervisory positions within NSD.

1

2. As the Senior Official within NSD, I oversee the National Security Division as well as Student and Exchange Visitor Program (SEVP) functions in support of ICE efforts to identify, disrupt and dismantle transnational criminal enterprises and terrorist organizations that threaten the security of the United States. These efforts encompass all investigations and aspects of terrorism, special interests involving state and non-state actors, human rights violators and war criminals, as well as compliance and oversight functions for over 6,900 academic institutions, 45,000 designated school officials, and over 1.2 million foreign students studying in the United States.

3. SEVP was created in the wake of the September 11, 2001, terrorist attacks to provide integrity to the immigration system by collecting, maintaining and analyzing information so only legitimate nonimmigrant students or exchange visitors can gain entry in the U.S. Through a database housing information pertaining to schools and students, called the Student and Exchange Visitor Information System (SEVIS), SEVP manages and tracks nonimmigrants in the F, M, and J categories. To eliminate vulnerabilities related to the nonimmigrant visa program, Congress first introduced statutory language mandating the development of a program to collect data and improve tracking of foreign students in the Illegal Immigration Reform and Immigrant Responsibility Act of (IIRIRA) of 1996. In 2001, Congress expanded the foreign student tracking system when it enacted PATRIOT ACT, and in 2002, Congress strengthened the tracking system yet again through the Enhanced Border Security and Visa Entry Reform Act, noting concerns with national security and emphasizing the need to carefully track student status and information. Accordingly, these laws and regulations demonstrate a clear congressional directive that ICE closely monitor foreign students and the schools in which they enroll by vigorously enforcing statutory and regulatory requirements.

4.     Congress provided broad statutory authority under 8 U.S.C. § 1372 for the Government "to develop and conduct a program to collect" information regarding nonimmigrant students and exchange visitors and to "establish an electronic means to monitor and verify" certain related information. This is the statutory authority underpinning SEVIS. Inherent in that authority is SEVP's ability to update and maintain the information in SEVIS and, as such, to terminate SEVIS records, as needed, to carry out the purposes of the program.

5.     The Counter Threat Lead Development Unit (CTLD), a component of HSI's National Security Division, is specifically responsible for analyzing information related to alien nonimmigrant visa holders, who are lawfully admitted to the United States but violate the terms of their admission, pose a threat to national security or public safety and/or are involved in criminal activity for field referral and further investigation. CTLD receives over one million alien violator records each year, primarily from U.S. Customs and Border Protection (CBP) Arrival and Departure Information System (ADIS), as well as from the Student and Exchange Visitor Information System (SEVIS).

6.     I am aware of the above-captioned lawsuit and the motion for preliminary injunction filed by the Plaintiffs in this matter. I provide this declaration based on my personal knowledge, reasonable inquiry, and information obtained from various records, systems, databases, other Department of Homeland Security (DHS) employees, and information portals maintained and relied upon by DHS in the regular course of business.

7.     JOHN DOE #1 is a citizen and national of India, who was last admitted to the United States as an F-1 nonimmigrant visa holder. JOHN DOE #1's information was run against criminal databases and was a verified match to a criminal history record for an arrest on September

16, 2023, for operating while under the influence. At that time, the records indicated that JOHN DOE #1 was given a $625 fine and sentenced to two days in jail.

8. On April 10, 2025, CTLD received communications from the Department of State, indicating that JOHN DOE #1's visa was not valid and requested termination of the SEVIS record.

9. Based on JONH DOE #1's criminal history, on April 10, 2025, SEVP amended JOHN DOE #1's SEVIS record to reflect this information by setting the record designation to "terminated."

10. As of April 24, 2025, JOHN DOE #1 SEVIS record is ACTIVE.

11. JOHN DOE #2 is a citizen and national of China, who was last admitted to the United States as an F-1 nonimmigrant visa holder. JOHN DOE #2's information was run against criminal databases and was a verified match to a criminal history record for an arrest on June 21, 2024, for domestic abuse assault. At that time, the disposition of the charge was unknown.

12. Based on JOHN DOE #2's criminal history, on April 10, 2025, SEVP amended JOHN DOE #2's SEVIS record to reflect this information by setting the record designation to "terminated."

13. On April 16, 2025, CTLD received communications from the Department of State, indicating that JOHN DOE #2's visa had been revoked.

14. As of April 26, 2025, JOHN DOE #2's SEVIS record is ACTIVE.

15. JOHN DOE #3 is a citizen and national of China, who was last admitted to the United States as an F-1 nonimmigrant visa holder. JOHN DOE #3's information was run against criminal databases and was a verified match to a criminal history record for and arrest on June 1, 2024, for operating while under the influence and an arrest on December 12, 2024, for driving without a license. At that time records showed a disposition of deferred judgement and a civil

penalty of $625 for the June 1, 2024, arrest. The disposition for the December 12, 2024, arrest was unknown.

16.  On April 10, 2025, CTLD received communications from the Department of State, indicating that JOHN DOE #3's visa was not valid and requested termination of the SEVIS record.

17.  Based on JOHN DOE #3's criminal history, on April 10, 2025, SEVP amended JOHN DOE's SEVIS record to reflect this information by setting the record designation to "terminated."

18.  As of April 24, 2025, JOHN DOE #3's SEVIS record is ACTIVE.

19.  JOHN DOE #4 is a citizen and national of India, who was last admitted to the United States as an F-1 nonimmigrant visa holder. JOHN DOE #4's information was run against criminal databases and was a verified match to a criminal history record for an arrest on October 8, 2022, for operating while under the influence. At that time records showed a disposition of deferred judgement and a penalty of $625 dollars or community service.

20.  On April 10, 2025, CTLD received communications from the Department of State, indicating that JOHN DOE #4's visa was not valid and requested termination of the SEVIS record.

21.  Based on JOHN DOE #4's criminal history, on April 10, 2025, SEVP amended JOHN DOE #4's SEVIS record to reflect this information by setting the record designation to "terminated."

22.  As of April 24, 2025, JOHN DOE #4's SEVIS record is ACTIVE.

23.  Terminating a record in SEVIS does not terminate an individual's nonimmigrant status in the United States. The statute and regulations do not provide SEVP the authority to terminate nonimmigrant status by terminating a SEVIS record, and SEVP has never claimed that it had terminated DOEs' nonimmigrant status. Furthermore, the authority to issue or revoke visas

for nonimmigrant students like DOE lies with the Department of State, not SEVP. Terminating a record within SEVIS does not effectuate a visa revocation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of April 2025.

_____<br>
Andre Watson, Assistant Director<br>
National Security Division<br>
Homeland Security Investigations<br>
U.S. Immigration and Customs Enforcement<br>
U.S. Department of Homeland Security