Plaintiffs' Exhibit 18



April 18, 2025



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
California Service Center
2642 Michelle Drive
Tustin, CA 92780

**U.S. Citizenship and Immigration Services**



IOE0930560264



A130-184-944

c/o DANIEL WILLIAM OLDENBURG
CLINE WILLIAMS
233 SOUTH 13TH ST STE 1900
LINCOLN, NE 68508

Form I-129,
Petition for a Nonimmigrant Worker

### PREMIUM PROCESSING

### NOTICE OF INTENT TO DENY

On March 6, 2025, your organization, _____, filed a Form I-129, Petition for a Nonimmigrant Worker (Form I-129), with U.S. Citizenship and Immigration Services (USCIS), seeking to classify _____ (beneficiary) as a temporary worker in a specialty occupation (H-1B) under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (INA).

Section 101(a)(15)(H)(i)(b) of the INA relates to an alien:

> ...who is coming temporarily to the United States to perform services...in a specialty occupation described in section 214(i)(1)..., who meets the requirements for the occupation specified in section 214(i)(2)..., and with respect to whom the Secretary of Labor determines and certifies to the Attorney General that the intending employer has filed with the Secretary an application under 212(n)(1).

You seek new employment for the beneficiary and requested that USCIS change the beneficiary's status.

You stated on the petition that you are a public school district with 583 employees. You seek to employ the beneficiary as an Elementary Teacher.

In visa petition proceedings, the petitioner bears the burden of establishing eligibility for the benefits sought. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966).

USCIS reviewed the initial record of evidence for eligibility in accordance with the INA; Title 8, Code of Federal Regulations (8 CFR); and any other applicable statutes and regulations, and could not determine whether you had established eligibility for the benefit sought.

In accordance with *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010), USCIS has examined the evidence of record for relevance, probative value, and credibility, both individually and within the context of the totality of the evidence, and determined that you have not established eligibility for the requested classification by a preponderance of the evidence.

Accordingly, USCIS intends to deny the petition and any change of status for reasons discussed below. In accordance with 8 CFR 103.2(b)(16)(i), when USCIS intends to make a decision that will be adverse to you and it is based on information of which you are unaware, USCIS must notify you and allow a period of time for rebuttal.

We have encountered potentially adverse information related to the beneficiary. In order to continue processing your application or petition, we require an updated address for the beneficiary so that we may collect biometric data.

## Maintenance of Status

The first issue to be discussed is whether the beneficiary maintained the beneficiary's nonimmigrant status.

INA 248(a) states, in part:

> The Secretary of Homeland Security may, under such conditions as he may prescribe, authorize a change from any nonimmigrant classification to any other nonimmigrant classification in the case of any alien lawfully admitted to the United States as a nonimmigrant who is continuing to maintain that status...

8 CFR 248.1(b) states:

> Except in the case of an alien applying to obtain V nonimmigrant status in the United States under §214.15(f) of this chapter, a change of status may not be approved for an alien who failed to maintain the previously accorded status or whose status expired before the application or petition was filed, except that failure to file before the period of previously authorized status expired may be excused in the discretion of USCIS, and without separate application, where it is demonstrated at the time of filing that:
>
>> (1) The failure to file a timely application was due to extraordinary circumstances beyond the control of the applicant or petitioner, and USCIS finds the delay commensurate with the circumstances;
>>
>> (2) The alien has not otherwise violated his or her nonimmigrant status;
>>
>> (3) The alien remains a bona fide nonimmigrant; and
>>
>> (4) The alien is not the subject of removal proceedings under 8 CFR part 240.

USCIS records show that the beneficiary attended _____ `University as an F-1 nonimmigrant from August 7, 2022 to May 11, 2024 (N0017163255). The beneficiary was approved for post-completion Optional Practical Training (OPT) from July 10, 2024 to July 9, 2025 (IOE9700371633). ==However, records show that the Department of State revoked the beneficiary's F-1 visa on March 20, 2025. According to the beneficiary's SEVIS record (N0017163255) their F-1 nonimmigrant status was terminated on April 10, 2025 because of the criminal records check and the revocation of their F-1 visa.==

You filed the current petition on March 6, 2025. ==It appears that the beneficiary is not in valid F-1 nonimmigrant status, as such, the request for a change of nonimmigrant status may not be approved.== If the petition is approved, it will be forwarded to a U.S. consulate abroad for visa processing. Therefore, identify a location abroad for visa notification.

As such, ==the beneficiary failed to maintain the beneficiary's nonimmigrant status.==

**CRIMINAL OFFENSES**



Records show the beneficiary has been arrested. You provided no evidence to account for, and explain, the circumstances surrounding the beneficiary's arrest.

USCIS records currently indicate that the beneficiary's criminal history as follows:

- The beneficiary's arrest and charges on February 22, 2025.

You must provide documentation about the beneficiary's arrest, the associated charges, and the subsequent dispositions for each charge, whether dropped, suspended, or resulting in a conviction.

Please submit certified copies of all court and police records showing the charges and dispositions for every arrest listed above. This evidence is requested even if the beneficiary's criminal records were sealed, expunged, cleared, or otherwise closed. Certified court dispositions should be issued from the court that held jurisdiction over the beneficiary's criminal proceedings.

The documents you provide should address each of the following:

a) The final disposition or outcome (sentence, probation, dismissal, etc.) of all charges since the beneficiary's admission as a F-1 nonimmigrant. The charges and dispositions must be specifically identified, listing only numeric citations or legal codes is not sufficient unless provided with clarifying documentation.

b) If the beneficiary was convicted of any charges, you should also provide evidence showing whether the charge for which the beneficiary was convicted was classified as a felony or misdemeanor. You may submit a copy of the pertinent statute, sentencing guideline, or statement from the court clerk or police department for this purpose.

If the beneficiary's conviction resulted in an alternative sentencing program, suspended sentence, or the participation in a rehabilitative program (such as a drug treatment or community service program), you should submit an original or court certified copy of the beneficiary's sentencing record for each incident, and evidence that the beneficiary completed their sentence. Specifically, you should submit:

a) An original or certified copy of the beneficiary's probation or parole record, or
b) Evidence that the beneficiary completed an alternative sentencing program, suspended sentence or rehabilitative program.

If a final disposition is not available, the beneficiary should obtain a certified letter from the court confirming the lack of court records. All submitted documentation should be original or a certified copy. Certified copies must include a court seal stamp on the document.

Please note, USCIS will consider all credible evidence submitted in support of your Form I-129, but will determine, in its sole discretion, the evidentiary value of all documentation submitted.

You are afforded 30 days from the date of this notice to submit additional information, evidence or arguments to support the petition. Additionally, when USCIS serves a notice by mail, three days are added to the prescribed period in which to respond. Any such evidence or arguments will be carefully reviewed prior to a final determination in this matter. Failure to respond, however, will result in adjudication of the petition on the basis of the record, as it is now constituted, including the information referred to above.

**Your response must be received in this office by May 21, 2025.**

**PLACE THE ATTACHED COVERSHEET AND THIS ENTIRE LETTER ON TOP OF YOUR RESPONSE.**

Sincerely,

John M. Allen
SCOPS Deputy Associate Director of Adjudications