## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## DAVENPORT DIVISION

|  |  |  |
|---|---|---|
| PRASOON KUMAR, *et al.* | ) | |
| | ) | Case No. 3:25-cv-00042-RGE-WPK |
| *Plaintiffs*, | ) | |
| | ) | **Response to Defendants' Supplemental** |
| v. | ) | **Exhibit and Notice to the Court** |
| | ) | |
| KRISTI NOEM, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

Plaintiffs submit this response to Defendants' May 6, 2025, notice and declaration regarding Plaintiffs' SEVIS records. ECF No. 30. Once again, Defendants' evidence raises more questions than it answers and emphasizes the need for a preliminary injunction while the case proceeds.

### A. Defendants have not backdated the restoration of Plaintiffs' SEVIS status in a manner visible to Designated School Officers and other immigration agencies.

Defendants submitted a declaration from Jim Hicks, Division Chief of External Operations at the Student and Exchange Visitor Program ("SEVP") at Immigration and Customs Enforcement ("ICE"). *See* Declaration of Jim Hicks, ECF No. 30-1. Mr. Hicks' declaration addresses the gap in Plaintiffs' SEVIS records between when ICE originally terminated the records on April 10, 2025, and when they were restored on April 24, 2025,[1]

---

[1] Plaintiff Songli Cai's SEVIS record was reinstated on April 26, 2025. *See* TRO Reply Ex. 20. The other three plaintiffs' records were reinstated on April 24, 2025. *See* TRO Reply Exs. 19, 21, 22.

following the Court's temporary restraining order. *See* SEVIS Records for Plaintiffs, TRO Reply Exs. 19–22, ECF No. 19.

Mr. Hicks writes that when each plaintiff's record was restored, it was impossible to delete the gap between the termination date (April 10) and the reactivation date (April 24). Hicks Decl. at ¶ 3. "[T]he event history for a given record cannot be deleted from the system" "due to technical limitations of the SEVIS system." *Id.* The Plaintiffs' records contain a notation, visible only to SEVP staff, that the status was restored back to the date of the original termination. *Id.* at ¶ 4. Mr. Hicks did not attach a copy or screenshot of Plaintiffs' SEVIS records showing this notation. He further admits that this notation is not visible to Designated School Officials ("DSO"). *Id.* The notations are also not be visible to external federal agencies that rely on SEVIS records, including U.S. Citizenship and Immigration Services ("USCIS"), which may deny a benefit based on a student's failure to maintain status, *see* TRO Reply Ex. 18, and the Department of State ("DOS"), which could deny or revoke a visa at any time, including for failure to maintain status. *See* 8 U.S.C. § 1201(i).

Unless and until Defendants modify the event history in Plaintiffs' SEVIS record in a way that is visible to all end-users—including DSOs, USCIS, and DOS—Defendants are not in compliance with this Court's TRO. ECF No. 10 (ordering Defendants to restore Plaintiffs' F-1 student status in SEVIS, "backdated to the date of termination.").

**B. Defendants' assertion that they will not re-terminate based on NCIC records provides little protection from irreparable harm because of ICE's new SEVIS policy.**

In their notice, counsel for Defendants states, "ICE counsel has informed counsel for the government that under ICE's new SEVIS policy, ICE will not re-terminate an alien's SEVIS record based solely on the NCIC record that led to the initial termination." Defs.' Notice, ECF No. 30. There are several problems with this statement. First, despite providing a declaration from an ICE officer in charge of SEVP in the same filing, Defendants do not submit a declaration from Mr. Hicks or anyone else at ICE attesting to this statement.

Second, as Plaintiffs raised in their reply, ICE's April 26, 2025, policy introduced two new grounds for SEVIS termination, both of which could now apply to Plaintiffs and both of which are inconsistent with the immigration regulations at 8 C.F.R. § 214.1(d)–(g): "Evidence of a Failure to Comply with the Terms of Nonimmigrant Status Exists" and "U.S. Department of State Visa Revocation (Effective Immediately)." TRO Reply Ex. 14. Defendants have given no assurance that they will not terminate on these grounds, and they seem to imply that if there is another basis for termination, they could apply it: "ICE will not re-terminate the SEVIS record *based solely* on the NCIC record . . . ." (emphasis added). Defs.' Notice at 1.

Defendants' notice further underscores the coordinated enforcement between ICE and DOS in carrying out the "student criminal alien initiative." *See* TRO Reply Ex. 15, Transcript of *Patel v. Lyons*, at 3. ICE first terminated Plaintiffs' SEVIS records based on interaction with law enforcement or criminal records, even though the records in Plaintiffs' case did not arise to the types of crimes described in 8 C.F.R. § 214.1(g). Four days later, DOS revoked Plaintiffs' visas because "additional information became available"; presumably, the termination of their SEVIS records. *See* TRO Exs. 3, 6, 9, 12. Less than two weeks later, ICE adopted a new policy adding the two new

grounds for termination that would apply to any student with a revoked visa and who has failed to maintain status. *See* TRO Reply Ex. 14. Now Defendants try to assure the Court that Plaintiffs' SEVIS records will not be re-terminated based on NCIC records alone, while staying notably silent on their new unlawful grounds for termination—visa revocation and failure to maintain status— grounds that ICE may well apply to Plaintiffs.

Plaintiffs ask the Court to disregard Defendants' attempts to minimize the risk of re-termination of their SEVIS records and the irreparable harm that would follow. The risk of re-termination is plain from the face of ICE's new policy memo. As ICE's policies continue to shift— and the risk of re-termination continues—Plaintiffs respectfully ask the Court to enter a preliminary injunction.

Dated: May 8, 2025

Respectfully submitted,

*/s/ Katherine Melloy Goettel*
KATHERINE MELLOY GOETTEL
MIKHAIL ACHERKAN*
JUDE HAGERMAN*
ANGELA PANDIT*
IAN REEVES*
JUSTIN REMPE*
ISABELLA SIRAGUSA*
University of Iowa College of Law
Clinical Law Programs
380 Boyd Law Building
Iowa City, IA 52242-1113
Telephone: (319) 335-9023
Email: kate-goettel@uiowa.edu

*Counsel for Plaintiffs*

* Authorized law student practitioners

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on May 8, 2025, I electronically filed the foregoing with the Clerk of the Court

using the CM/ECF System, which will send notification of such filing to counsel for Defendants.


*<u>/s/ Katherine Melloy Goettel</u>*
KATHERINE MELLOY GOETTEL
*Counsel for Plaintiffs*