IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| PRASOON KUMAR, SONGLI CAI, HAORAN YANG, SRI CHAITANYA KRISHNA AKONDY,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al,<br><br>Defendants. | No. 3:25-cv-00042-RGE-WPK<br><br>Defendants' Brief in Support of Motion to Alter or Amend Preliminary Injunction Entered on May 15, 2025 |

Defendants, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and applicable federal law, offer this brief in support of the Court to altering and/or amending the preliminary injunction order entered on May 15, 2025.

**I.   Introduction**

Following the Court's issuance of a temporary restraining order on April 24, 2025, Defendants restored Plaintiffs' Student and Exchange Visitor Information System ("SEVIS") records and returned them to active (ECF Docs. 23-20, 23-21, 23-22, 23-23). On May 7, 2025, Defendants presented additional evidence in the form of a declaration of James Hicks, the Division Chief of External Operations at the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE"), that when the records were set to "active," all previous information that was part of the

1

SEVIS record is restored, and there are no "gaps" or "lapses" in the SEVIS record. Hicks stated that due to technical limitation of the SEVIS system, the event history for a given record cannot be deleted from the system. A notation was entered into the SEVIS record that indicated the record had been restored retroactively to the original date of the termination. Because of SEVIS system technical limitations, the notations are not viewable by end-users outside of SEVP, but the notations are still part of the official SEVIS record (ECF Docs. 30, 30-1).

The Court issued an order on May 15, 2025, entering a preliminary injunction and ordered the following:

> IT IS FURTHER ORDERED that Defendants Kristi Noem, the Department of Homeland Security, and Todd Lyons shall maintain Plaintiffs Prasoon Kumar, Songli Cai, Haoran Yang, and Sri Chaitanya Krishna Akondy's F-1 student status in the Student and Exchange Visitor Information System (SEVIS), including notation of active status backdated to the date of termination.
>
> IT IS FURTHER ORDERED that Defendants Kristi Noem, the Department of Homeland Security, and Todd Lyons shall provide to the Court copies of such records or screenshots demonstrating that schools and other agencies may view notations as to backdating and shall through sworn declaration attest to the date of entries made to the SEVIS system.
>
> IT IS FURTHER ORDERED that Defendants Kristi Noem, the Department of Homeland Security, and Todd Lyons shall set aside the F-1 student status termination decisions as to Plaintiffs Prasoon Kumar, Songli Cai, Haoran Yang, and Sri Chaitanya Krishna Akondy
>
> IT IS FURTHER ORDERED that Defendants Kristi Noem, the Department of Homeland Security, and Todd Lyons shall not terminate Plaintiffs Prasoon Kumar, Songli Cai, Haoran Yang, and Sri Chaitanya Krishna Akondy F-1 student status absent a valid ground as set forth in 8 C.F.R. § 214.1(d)–(g), and an adequate individualized pre-deprivation proceeding before an impartial adjudicator for each Plaintiff, in which they will be entitled to review any adverse evidence and respond to such evidence prior to determining anew that any Plaintiff's F-1 student status should be terminated.

>IT IS FURTHER ORDERED that Defendants Kristi Noem, the Department of Homeland Security, and Todd Lyons shall not arrest, detain, or transfer Plaintiffs Prasoon Kumar, Songli Cai, Haoran Yang, and Sri Chaitanya Krishna Akondy out of this Court's jurisdiction, or order the arrest, detention, or transfer of Plaintiffs Prasoon Kumar, Songli Cai, Haoran Yang, and Sri Chaitanya Krishna Akondy out of this Court's jurisdiction, without first providing adequate notice to both this Court and Plaintiffs' counsel as well as time to contest any such action.
>
>IT IS FURTHER ORDERED that Defendants Kristi Noem, the Department of Homeland Security, and Todd Lyons shall not initiate removal proceedings against or deport Plaintiffs Prasoon Kumar, Songli Cai, Haoran Yang, and Sri Chaitanya Krishna Akondy on the basis of the termination of their F-1 student status

(ECF Doc. 32, pp. 24 – 25).

## II.   Argument

### a.   Technological Limitations of SEVIS Computer System

Pursuant to the Court's order, Plaintiffs' SEVIS records have been restored to active and notations have been made in the system that the activations are retroactive to the dates of termination (ECF Docs. 30, 30-1)[1]. The Court ordered that Defendants "shall provide to the Court copies of such records or screenshots demonstrating that schools and other agencies may view notations as to backdating and shall through sworn declaration attest to the date of entries made to the SEVIS system." As detailed in James Hicks' Declaration (ECF Doc. 30), "because of SEVIS system technical limitations, the notations are not viewable by end-users outside of SEVP, but the notations are still part of the official SEVIS record." *Id*. Defendants are unable to comply with the Court's order for records of screenshots demonstrating

---

[1] Pursuant to the Court's order, Defendants have attached Exhibit A, a sworn declaration attesting to the dates of entries made in the SEVIS system.

that schools and other agencies may view notation in SEVIS, as the system does not allow the notations to be viewable by users outside of SEVP.

To account for the SEVIS system limitations, Defendants mailed letters to all students whose SEVIS designations were switched from "active" to "terminated" between March 25, 2023, and April 11, 2025; then, beginning on April 11, 2025, through May 5, 2025, SEVP reset the SEVIS designations of these students to "active." The substantive language of that letter is as follows:

> Between March 25, 2025, and April 11, 2025, certain Student and Exchange Visitor Information System (SEVIS) designations were switched from "active" to "terminated." Then, beginning on April 11, 2025 through May 5, 2025, SEVP reset the SEVIS designations of these students to "active."
>
> This letter is to inform you that your SEVIS designation associated with SEVIS ID <<SEVIS ID>>, issued by <<School Name>>, school code <<School Code>>, has been reset to "active." This activation is automatically retroactive to the date of termination on <<Termination Date>>. Therefore, it is ICE's position that the SEVP termination of your SEVIS designation occurring during this time period will not, by itself, be used as a basis for denial of future immigration benefits or a determination that you did not maintain your nonimmigrant status during that period.
>
> When your SEVIS designation was reset to "active," all previous information that was part of your SEVIS record when it was terminated was also reset to its original content. Although the event history will memorialize all modifications that are made to the SEVIS record (including the prior termination and its restoration to "active"), the effect of this retroactive activation is as though the termination did not happen, and there are no "gaps" or "lapses" in your SEVIS record.
>
> Should you wish to communicate with someone regarding this notice, contact SEVP via email at supportsevp@hsi.dhs.gov.

On May 20, 2025, Defendants informed Plaintiffs' counsel of this letter and obtained permission to mail the letters to each Plaintiff directly. Defendants mailed

the letters to Plaintiffs on June 2, 2025. *See* Exhibit B. Plaintiffs can provide the letter to any other government or school officials to alert such officials to ICE's position on the retroactivity of the reactivations.

In light of the technological limitations of the SEVIS system, therefore, Defendants respectfully request that the Court amend its Order to the extent the Order requires the SEVIS system to enable outside parties and agencies to view notations as to backdating. Because of the letters that have now been supplied to Plaintiffs, which directly confirms this information, Plaintiffs will have immediate documentation available in the event that such documentation is needed by any school or governmental agency.

### b. The Court's Order is Impermissibly Overbroad

The language of the permanent injunction appears to exceed the bounds of the Court's jurisdiction and the scope of the alleged injury and, therefore, should be altered accordingly. Defendants respectfully submit that the preliminary injunction should be limited to actions based on the termination of Plaintiffs' SEVIS records. When ordering equitable relief, the Court is obligated to "describe specifically" and "in reasonable detail … the act or acts restrained or required" under the injunction. Fed. R. Civ. P. 65(d)(1)(b)-(c). The scope of injunctive relief is "dictated by the extent of the violation established." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). The injunction "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (cleaned up). And it must be tailored to

5

"redress the plaintiff's particular injury," and no more. *Gill v. Whitford*, 585 U.S. 48, 73 (2018); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006) (discussing required correlation between alleged injury and remedies). Even where a plaintiff "demonstrate[s] harm from one particular inadequacy in government administration," the courts are not empowered "to remedy *all* inadequacies in that administration." *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996), emphasis original).

Here, the Court ordered Defendants "shall not arrest, detain, or transfer [Plaintiffs] out of this Court's jurisdiction or order the arrest, detention, or transfer of [Plaintiffs] out of this Court's jurisdiction, without first providing adequate notice to both this Court and Plaintiffs' counsel as well as time to contest any such action." (ECF Doc. 30, pp. 24 – 25).

The Defendants in this action are the Department of Homeland Security ("DHS"). Agencies within the Department of Homeland Security include the United States Secret Service and HSI, which investigate various types of crimes. Thus, the scope of the injunction as written covers these law enforcement agencies and prohibits them from arresting or detaining Plaintiffs for any reason, including a violation of a criminal statute. Such relief was not requested by Plaintiffs, is not tied to the injuries alleged, and essentially enjoins the enforcement of criminal statutes against the Plaintiffs. "Courts repeatedly have recognized the very heavy presumption against enjoining pending or threatened criminal prosecutions." *Downstate Stone Co. v. United States*, 651 F.2d 1234, 1238 (7th Cir. 1981). "The

general rule is that equity will not interfere to prevent the enforcement of a criminal statute even though unconstitutional …. To justify such interference there must be exceptional circumstances and a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights ….." *Id.* quoting *Spielman Motor Sales Co., Inc. v. Dodge*, 295 U.S. 89, 95 (1935).  Here, there is not any pending or threatened criminal prosecution — instead the Court has gone further to preemptively enjoin such actions in the future, even if, for example, an arrest warrant is obtained in a different jurisdiction, or agents have probable cause to arrest.  Because the scope of the injunction is impermissibly broad, this Court should alter the injunction to avoid enjoining any criminal arrests, detentions, or prosecutions.

Relatedly, the Court's order appears to restrict certain discretionary decisions that are outside of its jurisdiction.  The Immigration and Nationality Act ("INA") divests this Court of jurisdiction over discretionary decisions concerning DHS's decision to initiate or commence proceedings to arrest, detain, transfer, remove or deport an alien. *See* 8 U.S.C. § 1252(g). The INA explicitly bars judicial review of the discretionary decision over whether to detain an alien that is placed in removal proceedings. See U.S.C. § 1226(e). Plaintiffs are seeking to challenge the decisions of Defendants to commence proceedings to arrest, detain, or transfer them, by requiring Defendants to provide notice to the Court and Plaintiffs' counsel. This prohibition under the preliminary injunction order is, essentially, a preemptive form of judicial review of the decisions made by Defendants to initiate or commence such proceedings against Plaintiffs. That type of prohibition has been prohibited by Congress through

7

its enactment of 8 U.S.C. § 1252(g) and 8 U.S.C. § 1226(e).

At the threshold, § 1252(g) applies to "three discrete actions that the [Secretary of Homeland Security] may take: her 'decision or action' to '*commence* removal proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original). The Supreme Court determined that "Section 1252(g) was directed against … attempts to impose judicial constraints upon prosecutorial discretion." *Id.* at 485 n.9. This includes the Executive's "discretion to abandon the endeavor" without judicial interference. *Id.* at 483-84; *see also Barahona-Gomez v. Reno*, 236 F.3d 1115, 1120 (9th Cir. 2001). As a result, § 1252(g) prohibits district courts from hearing challenges to decisions and actions about whether, when, and where to commence removal proceedings. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 598-99 (9th Cir. 2002).

Moreover, 8 U.S.C. § 1226(e) provides that that: "[t]he [Secretary of Homeland Security's] discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the [Secretary] under this section regarding the detention of any alien or the revocation or denial of bond or parole." *See, e.g.*, *Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *7 (S.D. Fla. Sept. 26, 2024).

Finally, the Court prohibited the termination of Plaintiffs' F-1 student statuses "absent a valid ground set forth in 8 C.F.R. § 214.1(d) – (g), and an adequate individualized pre-deprivation proceeding before and impartial adjudicator for each Plaintiff, in which they will be entitled to review any adverse evidence and respond

8

to such evidence prior to determining anew that any Plaintiff's F-1 student status should be terminated." (ECF Doc. 30, p. 24). Again, this would appear to interfere with DHS's lawful, discretionary authority as discussed above as the Court's order is too narrow in scope. Student status can be terminated or revoked by means other than the grounds set forth in 8 C.F.R. § 214.1(d) – (g). For example, if an F-1 student sought to change status and the student's benefit application was adjudicated by U.S. Citizenship and Immigration Services and granted, the student's F-1 status would be terminated. As such, Defendants request "set forth in 8 C.F.R. § 214.1(d) – (g)" be removed from the Court's Order.[2]

Therefore, for all of these reasons, Defendants respectfully suggest that these aspects of the Court's Order are impermissibly and unnecessarily broad, and request that they be omitted.

                                                             Respectfully submitted,

                                                             Richard D. Westphal
                                                            United States Attorney

                                            By: */s/Rachel J. Scherle*
                                                 Rachel J. Scherle
                                                 Andrew H. Kahl
                                                 Assistant United States Attorneys
                                                 Neal Smith Federal Building
                                                 210 Walnut Street, Ste 455
                                                 Des Moines, Iowa 50309
                                                 Telephone: (515) 473-9300
                                                 Facsimile: (515) 473-9282
                                                 Email: rachel.scherle@usdoj.gov

---

[2] Defendants preserve their argument that Plaintiffs do not have a property interest in their SEVIS records because SEVIS is a government database, meaning that Plaintiffs would not be entitled to any pre-deprivation hearing whatsoever.

andrew.kahl@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2025, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____U.S. Mail  _____ Fax  _____Hand Delivery

__X__ECF/Electronic filing      ____Other means

UNITED STATES ATTORNEY

By: */s/ S. Irwin*
    Paralegal Specialist