UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| PRASOON KUMAR, *et al.* ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 3:25-cv-00042- RGE-WPK |
| ) | |
| v. ) | **Plaintiffs' Resistance to** |
| ) | **Defendants' Motion to Amend or** |
| KRISTI NOEM, *et al.*, ) | **Correct Under Rule 59(e)** |
| ) | |
| *Defendants.* ) | |
| ) | |

**PLAINTIFFS' RESISTANCE TO DEENDANTS' MOTION TO AMEND OR
CORRECT UNDER RULE 59(e)**

Plaintiffs submit this resistance to Defendants' Motion to Amend or Correct the Court's Preliminary Injunction under Federal Rule of Civil Procedure 59(e). ECF No. 33. Plaintiffs ask the Court to deny Defendants' motion. First, Defendants failed to raise several of these arguments during underlying briefing. Second, Defendants have failed to show that they have endeavored to comply with the Court's order by backdating the reinstatement of Plaintiffs' SEVIS records. Third, the jurisdictional bars at 8 U.S.C. §§ 1226(e) and 1252(g) do not bar jurisdiction over Plaintiffs' claims. Finally, the injunction is tailored to the severity of Defendants' conduct and should not be narrowed.

**A. Defendants have failed to show sufficient effort has been expended to comply with this Court's order.**

Defendants first ask the Court to amend its order requiring them to provide evidence that Plaintiffs' SEVIS records have been retroactively restored. Defts' Mot. at 3-4. In support, Defendants rely on the previously submitted declaration of James Hicks, stating

1

that Immigration and Customs Enforcement's (ICE) software system does not allow retroactive reinstatement to be seen outside of the ICE's Student Exchange Visitor Program (SEVP). *See* ECF No. 30-1. "[T]he event history for a given record cannot be deleted from the system" "due to technical limitations of the SEVIS system." Hicks Decl. at ¶ 3. Because of this technical limitation, other agencies including U.S. Citizenship and Immigration Services, the agency that would adjudicate future applications for employment-based status, and the Department of State, which is charged with adjudicating corresponding employment visas, will see a termination and gap in Plaintiffs' SEVIS records.

What is noticeably missing from Mr. Hicks' declaration is any description of the efforts Defendants have made to correct this technical limitation. Indeed, Mr. Hicks' declaration predated the Court's May 15, 2025 preliminary injunction order, and his supplemental declaration only addresses the reinstatements of Plaintiffs' SEVIS records. *See* ECF No. 33-2 at ¶¶ 3–10. Defendants submit no evidence that ICE attempted to fix this technical limitation; they submit no evidence that ICE consulted software technicians; and they submit no evidence of the time or cost it would take to make such fixes to the system. In fact, Defendants have not even endeavored to make an argument about the time or cost it would take to make this technical fix. Instead, ICE has provided a letter to plaintiffs and, in turn, put the onus on them to provide that letter "to any other government or school officials to alert such officials to ICE's position on the retroactivity of the reactivations." Defts' Mot. at 5.

This lack of effort stands in stark contrast to the substantial resources ICE and the Department of State expended on the "Student Criminal Alien Initiative." *See* Prel. Inj. Ex.

15, ECF No. 19-3, Transcript, *Patel v. Lyons* Hearing, Apr. 29, 2025, at 3–4. In a hearing in the District Court for the District of Columbia, DHS witness Andre Watson explained that 10–20 ICE employees spent several weeks combing the records of 1.3 million student visa holders to determine whether they had any criminal history or even minor interactions with law enforcement. *Id.* at 9, 11–13. ICE then sent that information to the Department of State ("DOS") for the purpose of visa revocation, and DOS, in turn, recommended that ICE terminate students'—including Plaintiffs'—SEVIS records. *Id.* at 4, 13–16. In total, more than 3,000 students' records were terminated.

This is significant because of the magnitude of this problem. This practice did not just affect the four plaintiffs in this case; ICE terminated the SEVIS records of more than 3,000 students, *see* Patel Tr. at 15–16, hundreds of which filed federal litigation. *See, e.g.*, *Roy, et al., v. Noem, et al.,* No. 1:25-cv-01998-VMC (N.D. Ga. filed Apr. 11, 2025) (representing 356 plaintiffs). And yet, Defendants have failed to put minimal effort into fixing their computer system to restore the SEVIS records retroactively. ICE's lack of effort to comply with this Court's order (and others from around the country) is disproportionate to the effort the agency put into first terminating international students' SEVIS records; terminations that violated the immigration regulations and international students' due process rights.

**B. The Immigration and Nationality Act does not bar the injunction ordered by the Court.**

Neither 8 U.S.C. §§ 1226(e) nor 1252(g) bar the preliminary injunction the Court ordered. *See Doe v. Trump*, No. 25-CV-03140, 2025 WL 1467543, at *10 (N.D. Cal. May 22, 2025) (hereinafter "Doe – N.D. Cal") (addressing §§ 1226(e) and 1252(g) argument: "this

argument has been consistently rejected by courts around the country"). As a preliminary matter, Defendants never raised these jurisdictional arguments during their preliminary injunction briefing or hearing. Rule 59(e) "motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations omitted); *see also Chapman v. Hiland Partners GP Holdings, LLC*, 862 F.3d 1103, 1112 (8th Cir. 2017) (affirming denial of Rule 59(e) motion where arguments were raised for the first time in a Rule 59(e) motion). Rule 59(e) motions "serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations omitted). Accordingly, the Court need not amend its order based on legal arguments that should have been raised at an earlier stage.

Nevertheless, Defendants' argument fails on the merits. Section 1252(g) strip courts of jurisdiction to review a decision to "commence proceedings, adjudicate cases, or execute a removal order." None of those actions have occurred, and plaintiffs do not seek judicial review of such a decision. Plaintiffs' claims "do not 'aris[e] from' any past, present, or future 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'" *Doe v. Noem*, No. 3:25-CV-00023, 2025 WL 1399216, at *14 (W.D. Va. May 14, 2025) (hereinafter "Doe – W.D. Va.").

In the leading case interpreting § 1252(g), the Supreme Court instructed that the jurisdictional bar be read narrowly. *Reno v. American-Arab Anti-Discrimination Committee*, 525

U.S. 471 (1999). A lawsuit raising legal questions, such as the legality of ICE's actions terminating Plaintiffs' SEVIS records, does not challenge the Attorney General or DHS' discretionary authority and is not barred from review. For example, in *Jama v. I.N.S.*, the Court held that it had jurisdiction to "address a purely legal question of statutory construction"—whether the INS had authority to remove the petitioner "without first establishing that Somalia will accept his return." 329 F.3d 630, 632 (8th Cir. 2003), *aff'd sub nom. Jama v. Immigr. & Customs Enf't*, 543 U.S. 335 (2005). The lawsuit did not "object[] to an unfavorable discretionary decision or action to execute the removal order, which would be barred by 1252(g)." *Id.*; *compare Silva v. United States*, 866 F.3d 938, 940 (8th Cir. 2017) (applying § 1252(g) to strip jurisdiction where plaintiff challenged government's decision to execute a removal order).

Here, Plaintiffs challenge ICE's actions under the Administrative Procedure Act; they do not challenge government's discretionary action to initiate proceedings, detain them, or remove them. *See* Compl. at 16–22. Therefore, the court has jurisdiction to hear their claims and "to enjoin defendants from imposing any consequences, including detention and removal, resulting from the termination of [plaintiffs'] SEVIS record and F-1 status." *Saxena v. Noem*, No. 5:25-CV-05035-KES, 2025 WL 1413266, at *6 (D.S.D. May 15, 2025).

Section 1226(e) does not fare any better, and the same reasoning applies. While 1226(e) bars review of *discretionary* decisions where and whether to detain non-citizens, it does not preclude consideration of legal claims. *See Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) ("As we have previously explained, § 1226(e) precludes an alien from 'challeng[ing] a "discretionary judgment" by the Attorney General or a "decision" that the Attorney General

5

has made regarding his detention or release.' But § 1226(e) does not preclude 'challenges [to] the statutory framework that permits [the alien's] detention without bail.'").

Courts have resoundingly rejected Defendants' §§ 1226(e) and 1252(g) arguments in the SEVIS context. *See, e.g.*, *Doe – N.D. Cal.*, 2025 WL 1467543, at *10; *Doe – W.D. Va.*, 2025 WL 1399216, at *14–15; *Saxena*, 2025 WL 1413266, at *6; *Chen v. Noem*, No. 1:25-cv-00733, 2025 WL 1163653, at *8 (S.D. Ind. Apr. 21, 2025); *Doe v. Noem*, No. 2:25-cv-01103-DAD-AC, 2025 WL 1134977, at *6-8 (E.D. Cal. Apr. 17, 2025). Defendants fail to acknowledge this case law and instead cite cases that are either inapplicable or distinguishable. The Ninth Circuit in *Barahona-Gomez* found that § 1252(g) did not strip the court of jurisdiction. 236 F.3d 1115, 1120, (9th Cir. 2002). *Jimenez-Angeles* addressed whether the Immigration and Nationality Service should have commenced deportation proceedings at an earlier date. 291 F.3d 594, 599 (9th Cir. 2002) ("§ 1252(g) removes our jurisdiction to decide Jimenez-Angeles' individual claim that the INS was obligated immediately to initiate deportation proceedings against her once she had presented herself to the INS."). And the petitioner in *Mayorga v. Meade* sought to challenge an immigration judge's discretionary decision to deny a detained immigrant a bond, a far different claim from Plaintiffs' lawsuit challenging ICE's authority to terminate SEVIS records. No. 24-CV-22131, 2024 WL 4298815, at *6 (S.D. Fla. Sept. 26, 2024).

For these reasons, §§ 1226(e) and 1252(g) do not prohibit the injunction the Court ordered, and Plaintiffs ask the Court to deny Defendants' Rule 59(e) motion on these grounds.

### C. The Court should not narrow the scope of the injunction.

The Court has the equitable authority to tailor a preliminary injunction to the needs and severity of Defendant's unlawful conduct. As Defendants acknowledge, the scope of injunctive relief is "indicated by the extent of the violation established." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). Narrower relief is not warranted here.

Again, Defendants failed to raise these arguments regarding the scope of the injunction during preliminary injunction briefing and argument and those arguments cannot be introduced for the first time via a Rule 59(e) motion. *See Metro. St. Louis Sewer Dist.*, 440 F.3d at 933. Plaintiffs specifically sought the relief that the Court ordered, *see* Proposed Order, ECF No. 5-2, and in response, Defendants failed to raise concerns about DHS's sub-agencies, including the Secret Service and Homeland Security Investigations, a sub-unit of ICE. Accordingly, the Court should not narrow its injunction at this stage.

Furthermore, the preliminary injunction does not prohibit DHS and its components from investigating, arresting, or detaining Plaintiffs, but it requires the due process before it do so; namely, "adequate notice to both this Court and Plaintiffs' counsel." Prelim. Inj. Order, ECF No. 32, at 25. Given the severity of Defendants' violation of Plaintiffs' rights—including their failure to give Plaintiffs *any* notice that their SEVIS status was terminated—such relief is appropriate. *See* Compl. at ¶ 88. Accordingly, the preliminary injunction ordered by the Court matched the level of recalcitrance by Defendants.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Amend or Correct.

Dated: July 3, 2025

Respectfully submitted,

<u>/s/ *Katherine Melloy Goettel*</u>
KATHERINE MELLOY GOETTEL
University of Iowa College of Law
Clinical Law Programs
380 Boyd Law Building
Iowa City, IA 52242-1113
Telephone: (319) 335-9023
Email: kate-goettel@uiowa.edu

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I certify that on July 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to counsel for Defendants.

                                                  */s/ Katherine Melloy Goettel*
                                                  KATHERINE MELLOY GOETTEL
                                                  *Counsel for Plaintiffs*