IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| PRASOON KUMAR, SONGLI CAI, HAORAN YANG, and SRI CHAITANYA KRISHNA AKONDY,<br><br>    Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; the DEPARTMENT OF HOMELAND SECURITY; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br><br>    Defendants. | No. 3:25-cv-00042-RGE-WPK<br><br><br>ORDER DENYING DEFENDANTS' RULE 59(e) MOTION TO AMEND |

## I. INTRODUCTION

The Court granted Plaintiffs Prasoon Kumar, Songli Cai, Haoran Yang, and Sri Chaitanya Krishna Akondy—international students at the University of Iowa—a preliminary injunction preserving their student immigration status; preserving their Student and Exchange Visitor Information System (SEVIS) records; making retroactive reinstatement of their SEVIS record status visible to SEVIS users; precluding their arrest, detention, or transfer from the Court's jurisdiction without notice to the Court and due process; and precluding initiation of removal proceedings based on termination of their student status. Defendants move pursuant to Rule 59(e) to amend the preliminary injunction order. The Court denies Defendants' motion as exceeding the scope of relief available pursuant to Rule 59(e), lacking supporting evidence, and raising arguments that could have been raised earlier.

## II. BACKGROUND

Plaintiffs allege the wrongful termination of student status in SEVIS prevents their

continued study; prevents otherwise permissible student-related employment; decreases their ability to obtain future visas; causes irreparable financial, educational, and career disruption; exposes them to removal; and causes irreparable stress and anxiety due to fear of imminent seizure and removal. Compl., ECF No. 1. Plaintiffs also allege Defendants acted with nonparty the Department of State to terminate their F-1 student visas. *Id.*

The Court entered the preliminary injunction order on May 15, 2025, stating Defendants shall: 1) "maintain Plaintiffs['] . . . F-1 student status in . . . SEVIS[], including notation of active status backdated to the date of termination," Order Grant Prelim. Inj. 24, ECF No. 32; 2) "provide to the Court copies of such records or screenshots demonstrating that schools and other agencies may view notations as to backdating and shall through sworn declaration attest to the date of entries made to the SEVIS system," *id.* ; 3) "set aside the F-1 student status termination decisions as to Plaintiffs," *id.*; 4) "not terminate Plaintiffs['] . . . F-1 student status absent a valid ground as set forth in 8 C.F.R. § 214.1(d)–(g), and an adequate individualized pre-deprivation proceeding before an impartial adjudicator for each Plaintiff, in which they will be entitled to review any adverse evidence and respond to such evidence prior to determining anew that any Plaintiff's F-1 student status should be terminated," *id.*; 5) "not arrest, detain, or transfer Plaintiffs . . . out of this Court's jurisdiction, or order the arrest, detention, or transfer of Plaintiffs . . . out of this Court's jurisdiction, without first providing adequate notice to both this Court and Plaintiffs' counsel as well as time to contest any such action," *id.* at 24–25; 6) "not initiate removal proceedings against or deport Plaintiffs . . . on the basis of the termination of their F-1 student status," *id.* at 25.

On June 12, 2025, Defendants filed a motion seeking to amend the preliminary injunction order. Defs.' Mot. Alt. Amend Prelim. Inj. Order, ECF No. 33. In the motion, Defendants assert technological limitations with SEVIS prevent Defendants from fully complying with the Court's order. *Id.* at 3–5. Defendants assert SEVIS does not allow the creation of notations visible by users other than Defendants. *Id.* at 3. Defendants assert they sent letters to Plaintiffs indicating the

retroactive reinstatement of Plaintiffs' SEVIS records. *Id.* at 4–5; *see also* Letters, Defs.' Ex. B Supp. Mot. Alt. Amend Prelim. Inj. Order, ECF No. 33-3. Defendants argue the Court should deem the sending of these letters, and Plaintiffs' ability to show these letters as proof of their status, sufficient to satisfy the preliminary injunction order. ECF No. 33 at 4–5.

Defendants also argue the order is overbroad in that it is not limited in its restriction of arrest, detention, and removal to actions against Plaintiffs based on SEVIS records. *Id.* at 5–7. Defendants argue the Department of Homeland Security includes many separate law enforcement subdivisions, such as the Secret Service, and that absent a limitation confining the injunction to actions based on SEVIS records, the injunction is an impermissible injunction against criminal prosecutions. *Id.*

Finally, Defendants argue the injunction impermissibly intrudes upon Defendants' unreviewable discretionary authority in several respects. *Id.* at 7–9.

Plaintiffs resist. ECF No.37. Defendants did not file a reply.

### III.  LEGAL STANDARD

Defendants ask the Court to consider the motion pursuant to Federal Rule of Civil Procedure 59(e), the rule governing the amendment of judgments. Although there is no final judgment entered in this matter, the Court accepts Defendants' framing of the issue and addresses the pending motion under the standard applicable to Rule 59(e). "Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citation and quotation marks omitted).

"[T]he customary Rule 59(e) standard . . . bars attempts to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment . . . ." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009) (internal quotation marks and citation omitted). In the context of a motion to amend, or more

finely tailor the operative language of, a preliminary injunction, however, the Court does not find the introduction of truly new evidence or requests for the recognition of alternate means of satisfaction to be per se prohibited. Rather, because the preliminary injunction "should be no more burdensome to [Defendants] than necessary to provide complete relief to [Plaintiffs]," *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994), the Court believes it is reasonable, under limited circumstances and changed conditions, for the Court to consider changed circumstances throughout the course of litigation to properly cabin a preliminary injunction.

## III.   DISCUSSION

### A.   SEVIS Notation

Defendants present no new evidence nor arguments regarding technological limitations with the SEVIS system. Defendants' motion cites a declaration from Department of Homeland Security employee James Hicks alleging the technological infeasibility of making notations in SEVIS visible to non-Department of Homeland Security users such as employers, schools, or other agencies. Defs.' Suppl. Addendum Supp. Resist Prelim. Inj., ECF No. 30-1. Defendants, however, submitted Mr. Hick's affidavit before the Court entered the preliminary injunction order, and the Court previously considered the affidavit. *Id.* An affidavit previously submitted and considered by the Court is not new evidence. Moreover, Plaintiffs correctly note Defendants make no representations as to what, if any, efforts they have made to remedy the asserted technological limitations with SEVIS.

As new evidence, Defendants provide copies of the letters they provided to Plaintiffs indicating Plaintiffs' records had been retroactively reinstated. ECF No. 33-3. Defendants describe the letters as sufficient to enable Plaintiffs to defend themselves against future allegations of lapsed status. ECF No. 33 at 4–5. The Court does not find this proposed alternative solution adequate to provide complete relief to Plaintiffs. *Cf. Madsen*, 512 U.S. at 765. Plaintiffs will not necessarily be present when relevant actors examine SEVIS records concerning educational or employment

opportunities. At a minimum, nothing about the letters demonstrates the existence or correction of any "manifest errors of law or fact" with the underlying preliminary injunction order. *Innovative Home Health*, 141 F.3d at 1286 (citation and quotation marks omitted).

### B.   Injunction of Prosecution or Law Enforcement

Defendants argue the Court must narrow the injunction so as to free law-enforcement agencies from restrictions. ECF No. 33 at 5–7. Defendants cite the Secret Service and Homeland Security Investigations as sub-units of the Department of Homeland Security that should not be prohibited from any actions by the preliminary injunction. *Id.*

Defendants made no arguments regarding differing restrictions on separate sub-units prior to entry of the preliminary injunction. Accordingly, Defendant's argument is not appropriate for analysis under Rule 59(e). *Cf. Roop*, 559 F.3d at 823 (noting Rule 59(e) motions are not appropriate vehicles for raising new arguments).

Even if the Court could consider such an argument at this belated stage, however, the Court would find no grounds for disturbing the injunction order. The order prevents neither arrests nor the commencement of prosecutions. Rather as to Plaintiffs—four individual people whom the Court previously found to be likely to succeed on their claims of unfounded and harmful status-record interference—the Court's order requires advance notice to the Court as part of Defendants' due process efforts. The order does not prohibit law enforcement actions. Further, the injunction has no application to state, county, or local law enforcement acting separately from Defendants and not at Defendants' instruction or request. Nor does the injunction have application to other federal law enforcement agencies such as the Federal Bureau of Investigation or the United States Marshals Service who remain free from the order's constraints if acting independently from Defendants. The injunction is not broader than necessary and does not interfere with Defendants' and the public's strong interest in general law enforcement. *Cf. Madsen*, 512 U.S. at 765.

### C. Injunction of Discretionary Measures

Defendants argue 8 U.S.C. §§ 1226(e) and 1252(g) bar the Court from ordering restrictions on Defendants' discretionary decisions and actions. ECF No. 33 at 7–9. Again, Defendants did not raise these arguments in resisting the injunction and they, therefore, are not appropriate arguments for consideration under Rule 59(e).

Regardless, the arguments lack merit. Plaintiffs bring their claims pursuant to the Administrative Procedures Act raising a legal question regarding the termination of SEVIS status and alleging myriad harms likely to result from the termination of such records. Plaintiffs do not challenge an adverse discretionary decision as barred by 8 U.S.C. § 1226, nor do they challenge a discretionary decision to "commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g). The Court's injunctive relief is narrow. The Court requires advance notice of specific actions against Plaintiffs—the four people previously targeted—to ensure no action inconsistent with due process and to maintain the Court's ability to adjudicate this matter.

## V. CONCLUSION

The Court denies Defendants' motion to alter or amend the preliminary injunction.

**IT IS ORDERED** that Defendants Kristi Noem, the Department of Homeland Security, and Todd Lyons's Motion to Alter or Amend the Preliminary Injunction Order, ECF No. 33, is **DENIED**.

**IT IS SO ORDERED**.

Dated this 17th day of July, 2025.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE