IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| PRASOON KUMAR, SONGLI CAI, HAORAN YANG, SRI CHAITANYA, and KRISHNA AKONDY<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department Homeland Security; Department of Homeland Security; and TODD LYONS, Acting Director of the Immigration and Customs Enforcement<br><br>Defendants. | No. 3:25-cv-00042-RGE-WPK<br><br>NOTICE AND REQUEST FOR MODIFICATION OF COURT ORDER |

Defendants, by and through their undersigned counsel, respectfully submit the within Notice and Request for Modification of Court Order. In support, Defendants state as follows:

1. On May 15, 2025, the Court granted Plaintiffs' request for a Preliminary Injunction, with respect to their records contained in the Student and Exchange Visitor Information Systems (SEVIS). (ECF 32.) The Court ordered that Plaintiffs' SEVIS records include a "notation of active status backdated to the date of termination." (Id., at 24.) As part of its Order, the Court directed that Defendants "provide to the Court copies of such records or screenshots demonstrating that schools and other agencies may view notations as to backdating and shall through sworn declaration attest to the date of entries made to the SEVIS

system." (Id.)  This provision was not included in the relief requested by Plaintiffs' Complaint and Motion for Preliminary Injunction.  (*See* ECF 1, at 22; ECF5, at 2-3.)  Nor did the Court set a specific deadline for compliance.

2. On June 12, 2025, Defendants requested that the Court amend or alter its Order.  As relevant here, Defendants submitted that SEVIS did "not allow outside agencies and educational institutions to view notations in the system," pointing to "technological limitations."  (ECF 33.)  The Court denied this request on July 17, 2025, observing that Defendants had presented "no new evidence nor arguments regarding technological limitations with the SEVIS system" and noting that Defendants had not made any "representations as to what, if any, efforts they have made to remedy the asserted technological limitations with SEVIS."  (ECF 38, at 4.)

3. To comply with the aspect of the Court's Order requiring a "sworn declaration attest[ing] to the date of entries made within the SEVIS system," Defendants submit the attached Declaration of James Hicks dated August 19, 2025.  This declaration confirms that each Plaintiff's SEVIS record was reactivated on either April 24 or April 26, 2025, retroactive to the initial date of termination.  (Attachment A, ¶ ¶ 3-10.)

4. Defendants remain unable to supply evidence that schools or other agencies may view the backdating through SEVIS.  As Mr. Hicks explains, SEVIS is a law enforcement database, containing "law enforcement sensitive information." (Attachment A, ¶ 12.)  To accomplish making the backdating visible to end users,

however, "would require an extensive overhaul to the user view fields in the system" and likely would take several months of full-time effort to accomplish. (Attachment A, ¶ 13.)

5.   In order to comply with the Court's order to the maximum extent feasible, and without undue delay, Defendants entered records specific to each Plaintiff in their "Investigation Case Management" database, which itself "interfaces with government databases used by other federal agencies," such as "U.S. Customs and Border Protection, U.S. Citizenship and Immigration Services, and the Department of State." (Attachment A, ¶ 14.)[1]

6.   Accordingly, Defendants respectfully request that the Court find them in compliance with its Order and, if necessary, amend the Preliminary Injunction Order along the lines described herein. Defendants submit that the technological impossibility of complying with the letter of the Order, regarding SEVIS, provides just and reasonable cause for making such an adjustment. *Cf. United States v. Rylander*, 460 U.S. 752, 757 (1983) (present inability to comply with order is defense to civil contempt, with burden of production resting on defendant).

---

[1] This entry makes reference to a case out of the Northern District of California, *Doe v. Trump*, 24-CV-03140, in which the court entered a nationwide injunction. (*See* Attachment A, ¶ 14.)

Respectfully submitted,

Richard D. Westphal
United States Attorney


By: */s/Andrew H. Kahl*
Andrew H. Kahl
Assistant United States Attorneys
Neal Smith Federal Building
210 Walnut Street, Ste 455
Des Moines, Iowa 50309
Telephone: (515) 473-9300
Facsimile: (515) 473-9282
Email: andrew.kahl@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

____U.S. Mail _____ Fax _____Hand Delivery

  X   ECF/Electronic filing        ____Other means

UNITED STATES ATTORNEY

By:  */s/ S. Irwin*
     Paralegal Specialist