**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION**

| | |
|---|---|
| PRASOON KUMAR, *et al.* </br></br> *Plaintiffs*, </br></br> v. </br></br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security; *et al.*, </br></br> *Defendants.* | Case No. 3:25-cv-00042- RGE-WPK </br></br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE AND REQUEST FOR MODIFICATION OF COURT ORDER** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE AND REQUEST FOR MODIFICATION OF COURT ORDER**

In seeking to *again* modify the preliminary injunction, Defendants *again* fail to provide sufficient evidence or argument to justify modification of the preliminary injunction in this matter. Despite submitting new evidence, Defendants still fail to show they have taken appropriate steps to notate the retroactive reinstatement of Plaintiffs' SEVIS records in a way that is visible to end-users outside of ICE. Because Defendants have not met their burden to show good cause for modification of the preliminary injunction, Plaintiffs ask the Court to deny Defendants' request. *See Movie Sys., Inc. v. MAD Minneapolis Audio Distribs.*, 717 F.2d 427, 430 (8th Cir. 1983).

*First,* Defendants' evidence does not support their efforts to comply with the injunction. They submit a declaration of James Hicks, Division Chief of External Operations at the Student Exchange and Visitor Program, in which he estimates the time and person-power necessary to "make all internal record notations viewable" to external users. Hicks

1

Decl., ECF No. 46-1, at ¶ 13. But making "all internal record notations viewable" is not what the Court ordered, nor what is required. In fact, there is only one notation that is essential for outside end-users to see: "Status changed per court order and ICE direction, retroactive to date of termination." *See* ECF No. 46-1 at 4. Yet, Defendants claim that such a minor fix would take months of multiple officers' time. Hicks Decl. at ¶ 13.

Instead of making "all internal record notations viewable," Defendants could simply delete three rows of activity relating to the April 2025 termination for each Plaintiff, (highlighted in yellow below). By deleting those three rows of information, there would be no record of the termination, thus complying with the Court's order that Defendants "include[e] . . . notation of active status backdated to the date of termination." Prelim. Inj. Ord., ECF No. 32, at 24. Defendants have not indicated whether they have attempted to delete these rows of activity.

| Event Name | Event Date | Resulting Status | School Campus Name | School Code | Performed By | IP Address |
|---|---|---|---|---|---|---|
| Manual Data Change | 04/24/2025 15:25:00 | ACTIVE | The University of Iowa / The University of Iowa | OMA214F00209000 | SEVIS Maintenance | |
| Manual Data Change | 04/10/2025 14:06:29 | TERMINATED | The University of Iowa / The University of Iowa | OMA214F00209000 | SEVIS Maintenance | |
| Terminate - User Termination | 04/10/2025 14:06:29 | TERMINATED | The University of Iowa / The University of Iowa | OMA214F00209000 | SEVIS Maintenance | |

| Field Changed | Old Value | New Value |
|---|---|---|
| Termination Reason | | OTHER |
| Explanation | | Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated. |

| Event Name | Event Date | Resulting Status | School Campus Name | School Code | Performed By | IP Address |
|---|---|---|---|---|---|---|
| Registration - Continuing | 03/10/2025 19:02:47 | ACTIVE | The University of Iowa / The University of Iowa | OMA214F00209000 | Michael Bortscheller | |

| Field Changed | Old Value | New Value |
|---|---|---|

Alternatively, Defendants have not given any reason why they cannot add an extra line to the SEVIS database itself to show the retroactive reinstatement, as ordered. Indeed, it

2

appears commonplace for school officers to request such corrections. *See* Dep't of Homeland Security, Study in the States, Correction Requests Overview, https://studyinthestates.dhs.gov/sevis-help-hub/student-records/corrections-and-correction-requests/correction-requests-overview (last updated May 19, 2025). Overall, the Hicks declaration is devoid of any discussion of alternatives other than "mak[ing] all internal record notations viewable." Hicks Decl. at ¶ 13.

*Second*, Defendants justify their failure to comply with the preliminary injunction order because SEVIS "is a law enforcement database . . . used by SEVP for investigations." Hicks Decl. at ¶ 12. While that may be, SEVIS is *also* a website used by Designated School Officials and relied upon by other federal agencies. *See* ICE, Student Exchange and Visitor Information System, https://www.ice.gov/sevis/overview (last updated July 7, 2025) (listing the ways in which schools and exchange programs use SEVIS). ICE's own website emphasizes the importance of accurate SEVIS records for other purposes: "Inaccurate information in SEVIS could potentially have a long-term effect on these individuals, if they apply for a visa in the future." *Id.* That the SEVIS database contains some law-enforcement-sensitive information cannot justify Defendants' failure to correct Plaintiffs' information for non-ICE end-users to see.

*Third*, Defendants have attempted to ameliorate these failures by entering text into ICE's Homeland Security Investigations database, Investigative Case Management ("ICM"), but they have not provided screenshots or sufficient information about that database to judge the sufficiency of compliance. While Mr. Hicks states that that ICM "interfaces with government databases used by other federal agencies," it is unclear whether those federal

3

agencies would consult ICM, rather than or in addition to the SEVIS database, when assessing a student's compliance record. Additionally, the notation ICE entered does not reference this case but another matter. At a minimum, ICE should enter notations about the injunction in *this* case.

*Finally*, Defendants contend that reassigning ICE employees to make certain SEVIS database fields viewable to schools and other federal agencies "would impact critical mission needs." Hicks Decl. at ¶ 13. Yet, ICE prioritized pulling 10-20 employees for several weeks to scrutinize the records of 1.3 million international students as a part of the "student criminal alien initiative." *See* Prelim. Inj. Ex. 15, ECF No. 19-3, Transcript, *Patel v. Lyons* Hearing, Apr. 29, 2025, at 3–4. ICE's reassignment of officers to perform that operation apparently did not "impact critical mission needs." Nor should this.

In sum, Defendants have not met their burden to show that modification of the preliminary injunction order would be "equitable in light of subsequent changes in the facts or the law, or for any other good reason." *Movie Sys., Inc. v. MAD Minneapolis Audio Distribs.*, 717 F.2d 427, 430 (8th Cir. 1983); *see also Smithfield Packaged Meats Sales Corp. v. Dietz & Watson, Inc.,* No. 12-CV-0005-RGE-CFB, 2021 WLa 2627454, at *2 (S.D. Iowa Apr. 23, 2021) (unpublished). This is a mess of ICE's own making, and the fact that the clean-up is burdensome does not constitute good cause to excuse compliance with the preliminary injunction order.

DATE: September 2, 2025                     Respectfully submitted,

*/s/ Katherine Melloy Goettel*
KATHERINE MELLOY GOETTEL
University of Iowa College of Law
Clinical Law Programs
380 Boyd Law Building
Iowa City, IA 52242-1113
Telephone: (319) 335-9023
Email: kate-goettel@uiowa.edu
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on September 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to counsel for Defendants.

*/s/ Katherine Melloy Goettel*
KATHERINE MELLOY GOETTEL
*Counsel for Plaintiffs*
