**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**DAVENPORT DIVISION**

|  |  |  |
|---|---|---|
| PRASOON KUMAR, *et al.*, | ) | |
| | ) | Case No. 3:25-cv-00042-RGE-WPK |
| *Plaintiffs*, | ) | |
| | ) | **PLAINTIFFS' RESISTANCE TO** |
| v. | ) | **DEFENDANTS' MOTION TO** |
| | ) | **DISMISS** |
| KRISTI NOEM, in her official capacity as | ) | |
| Secretary of Homeland Security; *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**PLAINTIFFS' RESISTANCE TO DEFENDANTS' MOTION TO DISMISS**

**Table of Contents**

I.    Introduction................................................................................................................1

II.    Procedural and Factual History.............................................................................1

III.    Legal Standard .........................................................................................................3

IV.    Argument ...................................................................................................................4

   A.   The availability of declaratory relief sustains the controversy in this case. ....................5

   B.   The preliminary injunction order does not moot this action, especially where
        Defendants  have not fully complied with the order. ......................................................6

   C.   Defendants' voluntary cessation of their challenged conduct does not moot this case.
        9

      1.   Defendants ceased challenged conduct only in response to a court order...............10

      2.   Defendants retain the ability to commit challenged conduct. ...................................11

      3.   Defendants' actions demonstrate their intentions to recommit challenged conduct.
           13

      4.   Other district court decisions support the dismissal of Defendants' motion. .........14

V.    Conclusion ...............................................................................................................16

## I.  Introduction

Plaintiffs submit this resistance to Defendants' Motion to Dismiss. ECF No. 42. As a threshold matter, there is still a live case or controversy because Plaintiffs have not been fully remedied; Defendants have yet to fully comply with the preliminary injunction. In addition, declaratory relief remains an available remedy separate and apart from injunctive relief. Moreover, Defendants' voluntary cessation of their unlawful conduct is not sufficient to moot this case as they have not shown with "absolute certainty" that their unlawful conduct will not recur. *Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). For these reasons, Plaintiffs ask the court to deny Defendants' motion to dismiss.

## II. Procedural and Factual History

Plaintiffs, three international students attending the University of Iowa and one University of Iowa graduate here on Optional Practical Training, had their Student and Exchange Visitor Information System (SEVIS) records terminated by Immigration and Customs Enforcement (ICE). Compl., ECF No. 1 at 1. Despite 8 C.F.R. § 214.1(g) allowing termination only for "crimes of violence…for which a sentence of more than one year imprisonment may be imposed," Plaintiffs were terminated for dismissed charges, traffic infractions, or nonviolent, misdemeanor convictions with carceral penalties falling far short of the "more than one year" requirement. *Id.* at 9, 11–12, 14.

On April 24, 2025, this Court granted a temporary restraining order reinstating Plaintiffs' statuses. Temporary Restraining Ord., ECF 10. The temporary restraining order further ordered ICE's Student and Exchange Visitor Program (SEVP) personnel to backdate the termination of Plaintiffs' statuses to the date of initial termination as to avoid leaving

1

plaintiffs with a lapse in their SEVIS status. Prel. Inj. Ord., ECF No. 32 at 24. Defendants did restore Plaintiffs' SEVIS records, but due to technological constraints of the SEVIS database, the restoration of Plaintiffs' records cannot be backdated to the date they were terminated. Instead, Defendants have left a note in Plaintiffs' SEVIS records noting that their SEVIS statuses are "retroactive to date of termination." Decl. of James Hicks, ECF No. 46-1 at 4, 10, 30, 35. This notation is only visible to personnel within ICE's SEVP office and cannot be seen by other federal agencies and external users.

Two days after this temporary restraining order was filed—and in the wake of dozens of SEVIS lawsuits around the country—Immigration and Customs Enforcement (ICE) unveiled a new policy expanding the grounds on which it can terminate an international student's SEVIS record. ICE Policy Broadcast, Pls.' Ex. No. 14, ECF No. 19 at 17. Concerningly, this broadcast introduced a new list of termination reasons with the following language: "SEVP can terminate records for a variety of reasons, *including, but not limited to* the following reasons…" *Id.* (emphasis added). The policy then provides a list of reasons for SEVIS record termination, untethered to the immigration regulations. Two grounds, in particular, are notably absent from 8 C.F.R. § 214.1(d)–(g): (1) "Evidence of a Failure to Comply with the Terms of Nonimmigrant Status Exists," and (2) "U.S. Department of State Visa Revocation (Effective Immediately)." This policy also states that ICE intends to "investigat[e] or initiate removal proceedings" against those found not to be following their nonimmigrant status or those who have had their visas revoked. *Id.* While Defendants have sent letters to Plaintiffs stating that their SEVIS terminations "will not, by itself, be used as a basis for denial of future immigration benefits," the new ICE policy would permit significantly

harsher consequences for Plaintiffs should Defendants decide to change their minds later. ICE Letters to Pltfs., Defs.' Ex. B, Supp. Mot. Alt. Amend Prelmi. Inj. Ord., ECF No. 33-3, at 1–4.

On May 15, 2025, this Court entered a preliminary injunction barring Defendants from performing the same conduct enjoined by the temporary restraining order. Prelim. Inj. Ord., ECF No. 32 at 24–25. Defendants have now moved twice to limit the scope of the preliminary injunction because they refuse to expend time and resources to fix the SEVIS records that they unlawfully terminated. *See* Defs.' Req. Modify Ct. Order, ECF No. 46; *see also* Defs.' Reply Br. Supp. Req. Modify Ct. Order, ECF No. 53.

In support of their Motion to Dismiss, Defendants have provided a declaration from Akil Baldwin, Acting Assistant Director for the National Security Division of Homeland Security Investigations. Defs.' Decl. Supp. Mot. Dismiss, ECF No. 42-2. Mr. Baldwin stated that "ICE will not re-terminate records based solely on the NCIC records . . . [but] maintains the authority to terminate a SEVIS record for other reasons." Defs.' Decl. Supp. Mot. Dismiss, ECF No. 42-2 at 11. While "other reasons" is particularly vague, ICE's April 26th Policy shows that defendants are reserving the right to terminate Plaintiffs' SEVIS records for any number of reasons exceeding the scope of 8 C.F.R. § 214.1(d)–(g). ICE Policy Broadcast, Pls.' Ex. No. 14, ECF No. 19 at 17–18.

### III.    Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint if it does not fall within the court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Article III, Section 2 of the U.S. Constitution limits federal court jurisdiction to

"actual [c]ases and [c]ontroversies." *Utah v. Evans*, 536 U.S. 452, 459 (2002). Plaintiffs bear "the burden of proving the existence of subject matter jurisdiction." *Green Acres Entrs., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005). A challenge to jurisdiction under Rule 12(b)(1) may be either a factual or facial challenge. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a factual challenge, the district court "may look outside the pleadings and weigh evidence." *Two Eagle v. United States*, 57 F.4th 616, 620 (8th Cir. 2023). In a facial attack, the district court "accept[s] as true all facts alleged in the complaint." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quoting *Trooien v. Mansour*, 608 F.3d 1020, 1026 (8th Cir. 2010)).

Where, as here, subject-matter jurisdiction has already been established,[1] defendants bear the burden of showing the case has become moot due to their voluntary cessation of the challenged conduct. *FBI v. Fikre*, 601 U.S. 234, 241 (2024). That burden is a formidable one. *Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) ("[A] defendant claiming that its voluntary compliance moots a case bears a formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.").

## IV. Argument

Without permanent injunctive and declaratory relief from this Court, Plaintiffs are in a precarious legal situation where Defendants' actions jeopardize their student status. The Defendants mount a factual attack to this Court's subject matter jurisdiction, arguing the case is now moot because no further relief can be granted. Defs.' Br. Supp. Mot. Dismiss, ECF

---

[1] This Court previously rejected Defendants' argument that it lacked subject-matter jurisdiction. *See* Ord. Denying Mot. to Amend or Correct, ECF No. 38 at 6. Defendants did not otherwise challenge the Court's jurisdiction at the preliminary injunction phase.

No. 42-1 at 6–12. A controversy moots "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already v. Nike*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). A case ceases to be live "only when it is impossible for a court to grant 'any effectual relief whatever' [sic] to the prevailing party." *Knox v. Service Employees Int'l Union*, 567 U.S. 298, 307 (2012) (quoting *Erie v. Paps A.M.*, 529 U.S. 277, 287 (2000)). "With a live constitutional dispute and 'effectual relief' still on the table, the *case* is not moot." *Banyee v. Bondi*, 131 F.4th 823, 824 (8th Cir. 2025) (Stras, J., concurring) (citing *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)).

The factual record reveals the government's self-correction is not a course-correction in policy, but rather, a minimally responsive reaction to the preliminary injunction. This Court should dismiss the Defendants' motion because (a) declaratory relief remains available, (b) Defendants have not fully complied with the preliminary injunction to give complete "effectual relief," and (c) actions and statements by the Defendants do not show with absolute certainty that the challenged conduct will not recur.

## A. The availability of declaratory relief sustains the controversy in this case.

Plaintiffs' claim for declaratory relief remains live. *See* Compl., ECF No.1, at 22 ("Declare that the termination of Plaintiffs' SEVIS status was unlawful."). Plaintiffs bring suit under federal question jurisdiction, arising out of the Constitution, Administrative Procedure Act, and 8 C.F.R. §§ 214.1 and 214.2. The Court accordingly has jurisdiction under 28 U.S.C § 1331 and is authorized to grant declaratory relief under 28 U.S.C. § 2201 regardless of whether injunctive relief is granted. *Powell v. McCormack*, 395 U.S. 486, 499 (1969) ("A court may grant declaratory relief even though it chooses not to issue an injunction."). Because the

5

Court retains jurisdiction and has a remedy that would redress Plaintiffs' injuries, the case remains alive because Plaintiffs continue to have standing to bring suit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (where a plaintiff is the object of government action, "there is ordinarily little question that the action … has caused him injury, and that a judgment preventing or requiring the action will redress it"). Defendants' assertion that the case is moot misstates the relief Plaintiffs seek. The Court should thus deny their motion.

Premature dismissal will foreclose Plaintiffs from ever obtaining a vital remedy: declaratory relief. The Supreme Court has established that a moot claim for injunctive relief will not inherently moot a claim for declaratory relief. *See Super Tire Engineering v. McCorkle*, 416 U.S. 115, 125 (1974). Rather, courts acknowledge that a challenged action is not moot if a plaintiff seeks declaratory relief as to an ongoing policy. *Del Monte Fresh Produce Co. v. U.S.*, 570 F.3d 316, 321 (D.D.C. 2009); *see also McCorkle*, 416 U.S. at 125 (holding that although a claim for injunctive relief was moot, a claim for declaratory relief was not because the state's ongoing policy was "immediately and directly injurious").

Here, the *preliminary* injunction requiring Defendants' restoration of Plaintiffs' SEVIS records does not adequately remedy the harm done or prevent future violations of the SEVIS regulations. As such, continued litigation and a declaratory judgment is needed in response to the gravity of Defendants' unlawful actions.

**B. The preliminary injunction order does not moot this action, especially where Defendants have not fully complied with the order.**

The controversy here has not ended simply because Plaintiffs received temporary relief through a preliminary injunction. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of*

*Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "The party invoking the Court's authority has such a stake when three conditions are satisfied: The petitioner must show that he has 'suffered an injury in fact' that is caused by 'the conduct complained of' and that 'will be redressed by a favorable decision.'" *Camreta v. Greene*, 563 U.S. 692, 701 (2011) (quoting *Lujan*, at 560–61 (1992)). Defendants' compliance with the preliminary injunction order merely preserves the positions of the parties until final adjudication, but it does not suspend the dispute where the parties continue to contest ICE's authority to terminate SEVIS records.

Other cases reveal how intervening events in light of temporary relief do not automatically impact a case's justiciability. In *Chafin v. Chafin*—a case involving an international child custody dispute—the plaintiff's children were returned to her home in Scotland, and the defendant moved to dismiss the case as moot, arguing there was no further relief for the district court to provide. 568 U.S. 165, 173 (2013). However, the Supreme Court found the case "very much alive" because the parties continued to "vigorously contest the question of where their daughter will be raised," finding it "[was] not a case where a decision would address 'a hypothetical state of facts,'" and there still existed "concrete adverseness" between the parties "which sharpen[ed] the presentation of issues." *Id.* at 166, 173 (quoting *Camreta*, 563 U.S. at 701). "'[H]owever small' that concrete interest may be due to potential difficulties in enforcement, it is not simply a matter of academic debate, and is enough to save this case from mootness." *Id.* at 176. (quoting *Knox*, 567 U.S. at 307).

Similarly, in the SEVIS context, the parties continue to vigorously contest the question of whether the government's actions were lawful. Plaintiffs assert the government violated the regulations and their due process rights by unilaterally deleting SEVIS data with no notice;

meanwhile, the government, in its briefing and as articulated in the April 26th Policy, continues to assert broad authority to terminate Plaintiffs' SEVIS records in a manner inconsistent with the immigration regulations. *See* Defs.' Br. Supp. Mot. Dismiss, ECF No. 42-1 n. 1 at 5; *see also* ECF No. 53 at 1 ("Plaintiffs have by and large received all the relief they requested, but do not seem content to take 'yes' for an answer."). Like in *Chafin*, the parties' dispute remains very much alive.

Further, Plaintiffs' SEVIS records remain stained by the Defendants' unlawful conduct. Defendants' compliance with the preliminary injunction has fallen short. First, Defendants' retroactive restoration of Plaintiffs' SEVIS records is not visible to all end-users. Decl. Of James Hicks, ECF No. 46-1 at ¶ 11. SEVP added the following notation to Plaintiffs' SEVIS records, but it cannot be seen by agencies and officials outside of SEVP: "This subject is part of an injunction . . . that impacts persons who had their SEVIS record terminated between 3/25-4/11/2025. No action should be taken based *solely* on this termination." Decl. James Hicks, ECF No. 46-1, ¶ 14. This means the burden will be on the Plaintiffs to prove to other federal agencies—like U.S. Citizenship and Immigration Services (in seeking immigration benefits) and the Department of State (in seeking a visa)—that the termination they see in the SEVIS database was unlawful. The SEVP Division Chief James Hicks made clear that ICE will not take on the burden to structurally change its database. *See* Decl. James Hicks, ECF No. 46-1, ¶ 13 ("Amending the SEVIS database to make all internal record notations viewable would require an extensive overhaul to the user view fields in the system."). ICE's refusal to fix Plaintiffs' records, combined with the ad hoc, quick fix notation, show that Defendants have not complied with the preliminary injunction and the dispute remains alive.

In this case, "[e]ffectual relief" remains available and the legal dispute encompassing constitutional and regulatory violations remains live. *Banyee*, 131 F.4th at 824. What will give the Plaintiffs true assurance is a permanent injunction and declaratory relief the government acted contrary to the Constitution, federal law, and regulations as set forth in the initial Complaint.

## C. Defendants' voluntary cessation of their challenged conduct does not moot this case.

The government has not met their burden to show "that [their] challenged conduct cannot reasonably be expected to [recur.]" *Laidlaw*, 528 U.S. at 189. This burden "holds for governmental defendants no less than for private ones." *FBI v. Fikre*, 601 U.S. 234, 241 (2024). The Supreme Court and the Eighth Circuit have found that for voluntary cessation of challenged behavior to moot a case, mere statements or guarantees that the conduct will not recur are insufficient. *United States v. Concentrated Phosphate Exp. Ass'n,* 393 U.S. 199, 203 (1968); *see also Strutton v. Meade*, 668 F.3d 549, 556 (8th Cir. 2012) (finding that policy changes stating the challenged conduct would not recur was not enough to moot a case). Instead, the party asserting mootness must show that they are sincere about the cessation or that the challenged action cannot recur. *See Strutton,* 668 F.3d at 556; *see also Fikre*, 601 U.S. 234, at 243. The Defendants have shown neither.

Here, Defendants cannot show absolute certainty that the challenged conduct will not recur for three reasons: (1) They ceased their challenged conduct only because of a court order; (2) Defendants have reserved the ability to engage in the same behavior in the future; and (3) they have acted contrary to the promises they made to Plaintiffs. Numerous district courts have found Defendants' voluntary cessation arguments insufficient to moot similar SEVIS

cases. So, too, should this Court find that the voluntary cessation exception to the mootness doctrine applies to Defendants' lukewarm attestations and contradictory policy decisions do not meet the heightened standard. *Laidlaw*, 528 U.S. at 189.

**1. Defendants ceased challenged conduct only in response to a court order.**

The fact that Defendants ceased their behavior only in response to a court order casts serious doubt on their intentions to refrain from the challenged conduct in the future. Courts have found that compliance with court orders is not sufficient to meet the burden required to moot a case. In *Council on American-Islamic Relations-Minn. v. Atlas Aegis*, for example, the defendants entered an "Assurance of Discontinuation" with the Minnesota Attorney General stating that they would not engage in any behavior which would amount to voter intimidation. *Council on American-Islamic Relations-Minn. v. Atlas Aegis, LLC,* 497 F. Supp. 3d 371, 376 (D. Minn. 2020). The defendant complied with the assurance and moved to moot the case. *Id.* at 377. The court held that voluntary compliance with the assurance was not sufficient to moot the case, finding the fact that "[t]he behavior stopped only when faced with Attorney General action, and the lack of any admissions by [defendants] that [their] conduct violated the law" to cast serious doubt on Atlas's commitment to ceasing its challenged conduct. *Id.* That doubt, paired with the fact that the scope of the assurance was less than what plaintiffs sought, led the district court to conclude that the case was not moot. *Id.*

Like in *Atlas Aegis*, the Court should assess the reason Defendants ceased their unlawful conduct. Here, it was solely because the Court issued a temporary restraining order and preliminary injunction. *Compare TRO Doe v. Noem*, ECF No. 10 *with* Defs.' Decl. Supp. Mot. Dismiss, ECF No. 42-2, ¶ 12. "To be sure, the defendant's *reason* for changing its behavior is

often probative of whether it is likely to change its behavior again." *Atlas Aegis*, 497 F. Supp. 3d at 377 (quoting *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 306 (3d Cir. 2020)) (emphasis added). The *reason* in this case for Defendants' cessation was simply because they were told to do so. Without further indication of a permanent retreat from its previous unlawful action, this case is not moot.

### 2. Defendants retain the ability to commit challenged conduct.

Defendants' representations that they will not re-terminate Plaintiffs' SEVIS status do not make it "absolutely clear" that the challenged conduct will not recur where they have retained authority to re-terminate. *See Laidlaw*, 528 U.S. at 191. Where defendants leave open the ability to continue challenged conduct, the Supreme Court has found that such voluntary cessation does not moot a case even where the defendants make statements to the contrary. *See West Virginia v. EPA*, 597 U.S. 697, 719–720 (2022) (finding that a case was not moot because the EPA could enforce the Clean Power Plan if the case were to be dismissed). When a defendant "expressly reserve[s] the right" to continue challenged behavior, voluntary cessation of that behavior does not moot a case. *Ctr. For Special Needs Tr. Admin., Inc. v. Olson*, 676 F.3d 688, 697 (8th Cir. 2012). Yet, an express intention of the defendant to continue the challenged behavior is not necessarily required when the defendants retain the ability to continue the behavior, despite statements to the contrary. *See Fikre*, 601 U.S. at 243.

In *Fikre*, the plaintiff sued the FBI after being placed on the No-Fly List for unconstitutional reasons. *Id.* at 237. After commencing litigation, the FBI removed the plaintiff from the No-Fly List and attempted to moot the case. *Id.* at 239. The FBI asserted that it would "not relist Mr. Fikre [on the No-Fly List] based on 'currently available information.'"

*Id.* at 242. The Supreme Court found that the FBI had not met its burden to show that the challenged conduct was not reasonably expected to recur because the assurances from the FBI, submitted through declarations, did not speak "to whether the government might relist [plaintiff] if he does the same or similar things in the future," and because "the government's sparse declaration falls short of demonstrating that it cannot reasonably be expected to" repeat the challenged behavior. *Id.* The Court's reasoning came down to a question of sincerity. "What matters is not whether a defendant repudiates its past actions, but what repudiation can prove about its future conduct." *Id.* at 244. That the FBI had not admitted any wrongdoing was dispositive. *See id.*

Here, like in *Fikre*, the Government has made no attempts to repudiate their past actions and has only provided statements to plaintiffs that "they will not re-terminate *based solely* on NCIC records." Defs.' Decl. Supp. Mot. Dismiss, ECF 42-2, ¶ 11 (emphasis added). The "based solely on NCIC records" language in the instant case and "based on currently available information" language in *Fikre* are directly analogous. "Currently available information" left open a world of reasons the FBI could use to place Mr. Fikre back on the No-Fly List. *Fikre*, 601 U.S. at 242. Similarly, "based solely on NCIC records" allows a multitude of reasons through which Defendants can justify re-termination of SEVIS records. The specificity of the Defendants' statement calls into question their sincerity in ensuring Plaintiffs' SEVIS records remain restored. The government forecloses only one reason for terminating Plaintiffs' SEVIS statuses—the NCIC records—while retaining authority to re-terminate for any other unlawful reason, including those in the April 26th Policy. ICE Policy Broadcast, Pls.' Ex. No. 14, ECF No. 19 at 17. As one court found: "In an affidavit, ICE chose

its words very carefully: 'ICE has no plans under its new SEVIS policy to re-terminate the plaintiff(s) SEVIS record based solely on the NCIC record that led to its initial termination.' The gaping hole in that statement is obvious." *Shaik v. Noem*, 5:25-CV-05035-KES, 2025 WL 2307619, at *7 (D. Minn. Aug. 11, 2025) (*citing also to Doe v. Noem*, No. 2:25-633, 2025 WL 1397077, at *5 (W.D. Wash. May 14, 2025)).

Here actions speak louder than words. The government has only provided non-binding words and minimal promises. This does not meet the "absolute certainty standard," proving the challenged conduct will not recur. *See Laidlaw*, 528 U.S. at 191.

### 3. Defendants' actions demonstrate their intentions to recommit challenged conduct.

Defendants cannot show the challenged behavior is not likely to recur when they continue to implement policies which show the opposite. The government's implementation of the April 26th Policy keeps the threat of actual injury alive and does not make it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Rodriguez v. Noem*, No. 3:25-cv-616, 2025 WL 1284722, at *9 (D. Conn. May 1, 2025) (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)).

Defendants are already engaged in materially similar behavior as part of a larger interagency agenda to enact policies that make it more difficult for international students to remain in the country.[2] A new rule recently proposed by DHS makes clear that Defendants have not corrected their behavior and Plaintiffs' SEVIS records remain in jeopardy. On August

---

[2] *See, e.g.,* Liam Knox, *Smashing the Student Visa System*, INSIDE HIGHER ED, (April 3, 2025), https://www.insidehighered.com/news/global/international-students-us/2025/04/03/how-trump-wreaking-havoc-student-visa-system, ("The Trump administration is playing fast and loose with the visa system[.]").

27, 2025, DHS announced a rule to limit the length of time foreign students are allowed to stay in the United States.[3] While DHS claims the rule will stop foreign students from abusing the visa process, it actually poses a significant burden on international students by requiring them to regularly submit supplemental applications to remain in the country and complete their education.[4] The rule proposal punctuates an evolving effort to "aggressively revoke" Chinese students' visas which is especially pertinent to the two Chinese national plaintiffs.[5]

Despite everything, Plaintiffs remain determined to graduate from the University of Iowa or continue their optional practical training. Unfortunately, such perseverance places Plaintiffs at risk that their SEVIS records will be re-terminated again without notice or due process.

**4.  Other district court decisions support the dismissal of Defendants' motion.**

District courts across the country have found the April 26th Policy sufficient to keep a case alive. In *Madan B. K. v. Noem*, the District Court of Michigan found the government's compliance to be "ad hoc, discretionary and/or easily reversible" keeping the threat of re-termination alive. *Madan B. K. v. Noem*, No. 1:25-CV-419, 2025 WL 1318417, at *9 (W.D. Mich. May 7, 2025). The April 26th Policy bolstered their decision to not moot the case because the

---

[3] *Trump Administration Proposes New Rule to End Foreign Student Visa Abuse*, Homeland Security, (August 27, 2025), https://www.dhs.gov/news/2025/08/27/trump-administration-proposes-new-rule-end-foreign-student-visa-abuse.

[4] Michelle Del Rey, *DHS proposes new rule to limit how long international student can remain in the U.S.*, USA TODAY, (August 29, 2025, 1:07PM), https://www.usatoday.com/story/news/politics/2025/08/29/trump-dhs-plan-limit-foreign-student-visas/85887633007/.

[5] Miranda Jeyaretnam, *What to Know as Trump Goes Back and Forth on Chinese Students in U.S.*, TIME, (August 28, 2025, 5:00AM), https://time.com/7312901/chinese-students-visas-duration-policy-trump-crackdown-national-security-immigration/.

government would be able to re-terminate records based on "evidence of a failure to comply with the terms of nonimmigrant status." *Id.* (quoting April 26th Policy).

In another SEVIS case in this circuit, the district court found this new policy to be dispositive and refused to dismiss the case on mootness grounds. *See Saxena v. Noem*, 5:25-CV-05035-KES, 2025 WL 1413266, at *1, *5 n. 4 (D.S.D. May 15, 2025) ("Defendants also submitted declarations from U.S. governmental officials reiterating that defendants have 'no plans under its new SEVIS policy to re-terminate the plaintiff(s) SEVIS record based solely on the NCIC record' . . . [T]he court finds these declarations unavailing in supporting defendants' argument for mootness."). The district court concluded that "without a reasoned explanation from defendants justifying termination of [plaintiff's] SEVIS record, there is genuine risk that . . . [plaintiff's] SEVIS record could be arbitrarily revoked again." *Id.* at 5. The same is true here: Plaintiffs have received no "reasoned explanation" for why their SEVIS records were terminated in the first place. Currently, the only tangible protection Plaintiffs' have against re-termination of their statuses is this court's preliminary injunction.

In *Rodriguez v. Noem*, the District Court of Connecticut held that the government's "voluntary reinstatement of [Plaintiff's] SEVIS status does not show her SEVIS record termination cannot be reasonably expected to recur." *Rodriguez*, 2025 WL 1284722, at *9. The April 26th Policy was dispositive for that court as well. *Id.* Because the government "implemented a new policy that would allow Defendants to terminate her SEVIS status again without her formal notice and opportunity to be heard," the threat of actual injury is "neither remote nor speculative" and the government's voluntary cessation did not moot the case. *Id.* at *10 (quoting *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015)).

15

Numerous other district courts found the same in cases substantially similar to the current one and all cited the April 26th Policy. *See Saxena*, 2025 WL 1413266, at *5.[6]

Here, like in the other SEVIS cases, Defendants have shown that the challenged conduct is likely *to* recur. The April 26th Policy does nothing but demonstrate that Defendants have every intention to circumvent the immigration regulations and find new ways to do the same thing. The new policy from April 26th gives SEVP personnel further discretion to act outside of the scope of 8 C.F.R. § 214.1(d)–(g), raising serious questions about whether Defendants will renew these unlawful actions upon the dismissal of this case.

The Court should deny Defendant's motion to dismiss because the April 26th Policy—together with other harmful actions against international students—shows that Defendants have no intention of truly ceasing the challenged behavior. and every intention of finding means to continue in such a way to evade this Court's review.

## V.  Conclusion

Although the Defendants assert that this matter is now moot, there is still a live case or controversy that calls for further litigation in this case. Plaintiffs are not convinced that the Defendants will not later attempt to re-terminate their status after the preliminary injunction no longer bars such conduct. Regardless of Defendants' claims that they no longer have an interest in removing students for minor NCIC records and will not do so in the future, their

---

[6] The court lists the following SEVIS cases as not moot "despite ICE's new policy statement": *Rodriguez v. Noem*, 2025 WL 1284722, at *9 (D. Conn. May 1, 2025); *Mandan B.K. v. Noem*, 2025 WL 1318417, at *9 (W.D. Mich. May 7, 2025); *Gonzalez v. Noem*, No. 6:25-cv-00632-MC, 2025 WL 1355272, at *4-5 (D. Or. May 9, 2025); *Vyas v. Noem*, No. 3:25-0261, 2025 WL 1351537, at *7 (S.D. W. Va. May 8, 2025); *Student Doe No. 1 v. Noem*, No. 25-1962, 2025 WL 1224783, at *6–7 (E.D. Pa. Apr. 28, 2025).

new policy means that ICE has broad authority to re-terminate Plaintiffs' SEVIS records. They have not admitted fault or recognized the limits of the immigration regulations. For that reason, a court order preventing the Defendants from such unlawful conduct is still very much alive, and this Court should deny Defendants' Motion to Dismiss.

DATE: September 23, 2025                    Respectfully submitted,

                                           /s/ Katherine Melloy Goettel
                                           KATHERINE MELLOY GOETTEL
                                           Tiffany Brinkman*
                                           Noah Gaber*
                                           Jackson Geadelmann*
                                           Jude Hagerman*
                                           University of Iowa College of Law
                                           Clinical Law Programs
                                           Federal Impact Litigation Clinic
                                           380 Boyd Law Building
                                           Iowa City, IA 52242-1113
                                           Telephone: 319-335-9023
                                           Email: kate-goettel@uiowa.edu

                                           *Counsel for Plaintiffs*

                                           * Authorized law student practitioners

**CERTIFICATE OF SERVICE**

I certify that on September 23, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to counsel for Defendants.

/s/ Katherine Melloy Goettel
KATHERINE MELLOY GOETTEL
*Counsel for Plaintiffs*