## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## DAVENPORT DIVISION

| | |
|---|---|
| PRASOON KUMAR, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) Case No. 3:25-cv-00042-RGE-WPK |
| | ) |
| v. | ) **PLAINTIFFS' MOTION TO** |
| | ) **COMPLETE THE CERTIFIED** |
| | ) **ADMINISTRATIVE RECORD** |
| KRISTI NOEM, in her official capacity as | ) |
| Secretary of Homeland Security; *et al.*, | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

## PLAINTIFFS' MOTION TO COMPLETE THE
## CERTIFIED ADMINISTRATIVE RECORD

### I.  Introduction

Plaintiffs move this Court to order Defendants to complete the Certified Administrative Record through inclusion of additional documents the agency relied upon. The current record is not the full record Defendants relied on when they made the decision to terminate Plaintiffs' SEVIS statuses. This is reflected by Assistant Director Andre Watson's testimony in *Patel v. Noem* and a declaration from Acting Assistant Director Akil Baldwin. *See* Watson Tr., Ex. No. 15, ECF No. 19; *see also* Baldwin Decl., ECF No. 42-2 at ¶¶ 6–9. Without additional information not currently provided by Defendants, this Court will not be able to properly "review the whole record" that Defendants considered when they terminated Plaintiffs' SEVIS records. 5 U.S.C. § 706.

### II.  Standard

"Judicial review under the APA is limited to the administrative record that was before the agency when it made its decision." *Voyageurs Nat'l Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir.

1

2004). Federal courts "shall review the whole record" when reviewing cases brought under the

Administrative Procedure Act. 5 U.S.C. § 706. "The whole record" is the "full administrative record

that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park, Inc. v.*

*Volpe*, 401 U.S. 402, 420 (1971).

Agencies benefit from the presumption of regularity in filing an administrative record

"absent clear evidence to the contrary." *Sisseton-Wahpeton Oyate of Lake Traverse Reservation v. United*

*States Corps of Engineers*, 124 F.Supp.3d 958, 966–67 (D.S.D. 2015). Evidence to the contrary is

"concrete evidence and . . . reasonable nonspeculative grounds" which demonstrate that the agency

considered documents or information not included in the record. *Fort Still Apache Tribe v. Nat'l Indian*

*Gaming Comm'n*, 354 F.Supp.3d 1, 9 (D.D.C. 2018). A motion to complete the certified

administrative record then requires a clear showing that the agency considered specific documents

and did not include them in the administrative record. *See id.*

Additionally, "[t]he existing administrative record may be 'supplemented, if necessary, by

affidavits, depositions, or other proof of an explanatory nature.'" *Sierra Club v. United States Army*

*Corps. Of Engineers*, 771 F.2d 409, 413 (8th Cir. 1985) (quoting *Arkla Exploration Co. v. Texas Oil &*

*Gas Corp.* 734 F.2d 347, 357 (8th Cir. 1984)). The administrative record may be supplemented with

explanatory documents if the contemporaneous administrative record does not contain "sufficient

information about the basis for the agency decision." *Voyageurs Nat'l Park Ass'n*, 381 F.3d at 766.

### III. Argument

**A. The Administrative Record provides no real information regarding the Student Criminal Alien Initiative.**

Defendants justified their conduct at issue in this case by stating that they were following the

"Student Criminal Alien Initiative (SCAI)," which was an initiative created through the joint efforts

of the Department of State and Defendants. Watson Tr., Ex. No. 15, ECF No. 19 at 23. Even

though the SCAI is directly responsible for the terminations at the center of this case, no real

information about the initiative is provided in the current administrative record besides an uninformative "letterhead memo." *See* Letterhead Mem., ECF No. 43 at 4–5. Plaintiffs are highly skeptical that this inter-agency initiative involving an investigation into nearly 1.3 million international students' NCIC records was performed in such a manner that there is no documentation about it outside of the provided letterhead memo. Watson Tr., Ex. No. 15, ECF No. 19 at 22–23. Further, Plaintiffs presume there is SCAI-related guidance followed by Defendants in effectuating the termination of Plaintiffs' SEVIS statuses that has not been provided in this record. Such documents should be a part of the administrative record.

Defendants admit that they took certain actions "[i]n furtherance of the Student Criminal Alien Initiative." Letterhead Mem., ECF No. 43 at 4. Additionally, in his declaration, Mr. Watson references communications received from the Department of State. Watson Decl., ECF No. 15-2 at ¶¶ 8, 13, 16, 20. Mr. Watson also admitted that these communications with the Department of State were a part of the process of SCAI. Watson Tr., Ex. No. 15, ECF No. 19 at 32. It is clear that the SCAI policies were part of the decision-making to terminate Plaintiffs' SEVIS records. Letterhead Mem., ECF No. 43 at 4.

Since the policies and process around SCAI were clearly "before the agency when it made its decision," *Voyageurs Nat'l Park Ass'n*, 381 at 766, and there is concrete evidence in the testimony and declarations of Mr. Watson that some guidance for SCAI exists, Defendants should supplement the administrative record with any documents about SCAI as it relates to their decision to terminate Plaintiffs' SEVIS records. *Sisseton-Wahpeton Oyate,* 124 F.Supp.3d at 966–67.

In evaluating Plaintiffs' claims under the Administrative Procedure Act, it is impossible for this Court to know what Defendants considered in their decision to terminate Plaintiffs' statuses without providing more substantial information about the SCAI. As such, Plaintiffs ask the Court to

order Defendants to supplement the administrative record with any emails, memoranda, or policy broadcasts that exist regarding SCAI and its application to international students.

**B. Emails suggesting advice related to Plaintiffs' SEVIS termination are absent.**

To further complete the administrative record, Plaintiffs also request that Defendants include any and all communications from State Department Senior Bureau Official John Armstrong to SEVP relating to the Plaintiffs. Defendants submit an email from Mr. Watson to Mr. Armstrong asking for Armstrong's "review" and "any action deemed appropriate." Letterhead Mem., ECF No. 43 at 4. Defendants include a second email asking for the same—"review and any action [he] deem[s] appropriate." Letterhead Mem., ECF No. 43 at 5. Yet, the Defendants do not include Mr. Armstrong's response to either email.

Moreover, answers to the emails of the redacted senders and recipients should be provided as they are part of the agency's decision to terminate Plaintiffs' SEVIS status. For instance, in an email from an unnamed sender to an unnamed recipient, they write "how would you like us to prioritize revocations of these visas?" ECF No. 43 at 12. No answer follows this email. An answer to this question should be part of the Administrative Record, and Defendants should clarify the author and recipient of this email.

It is clear the administrative process regarding Plaintiffs' SEVIS terminations involved input and decision-making by Mr. Armstrong. Without the emails the agency considered, the record is incomplete. *Voyageurs Nat'l Park Ass'n*, 381 at 766. That Mr. Armstrong worked for an agency outside of the Department of Homeland Security does not change the analysis. Therefore, to provide for a complete administrative record, the Court should require the Defendants to supply relevant records detailing Mr. Armstrong's input and decision-making as it relates to Defendants' termination of Plaintiffs' SEVIS status. *Sisseton-Wahpeton Oyate*, 124 F.Supp.3d at 966 ("The whole record is the information actually considered by the [agency] before taking an action.").

**C.  Unnecessary redactions on several emails make the administrative record incomplete.**

Defendants supply emails that are heavily redacted and unclear, obscuring how the SCAI was implemented. Plaintiffs request that these emails be supplemented or clarified by the Defendants.

Defendants unnecessarily redacted the authors and recipients of important email communications pertaining to Plaintiffs and have provided no privilege log. *See* ECF No. 43 at 11–12. Moreover, Defendants have redacted the name of the Section Chief of DHS Homeland Security Investigations and an unnamed recipient, pertaining to the "KILO List" and SCAI. ECF No. 43 at 6. The identity of the sender and recipient are redacted, yet the message clearly pertains to the administrative decision-making process impacting Plaintiffs' status terminations. Part of a final agency decision relies on the decisionmaker. Not knowing the identities, titles or agencies of these decisionmakers frustrates judicial review. Clarification on the author of the message and to whom it was sent is necessary to complete the administrative record.

The over-redactions take away from the Court's ability to assess the whole record and are not "sufficient to allow judicial review." *Rochling v. Dep't. of Veterans Affairs*, 725 F.3d 927, 936 (8th Cir. 2013). The emails suggest that the agency utilized advice in making their decision. Without the names of the individuals providing this advice, the Court does not have any basis for review of these determinations by the agency. Therefore, Defendants should be compelled to reveal the names of top officials consulted, the names of the individuals sending the messages, and the content of those messages.

## IV. Conclusion

Based on other evidence submitted in this case and on the face of the documents in the record, it appears that the Administrative Record is not a complete record of everything Defendants considered in terminating Plaintiffs' SEVIS records. First, Plaintiffs request that the record be

completed through provision of SCAI documentation and any response(s) from Mr. Armstrong that involved the decision to terminate Plaintiffs' SEVIS statuses. Second, Plaintiffs request that unredacted versions of the Homeland Security Investigations emails be provided.

DATE: October 1, 2025                    Respectfully submitted,

                                         /s/ Katherine Melloy Goettel
                                         KATHERINE MELLOY GOETTEL
                                         Noah Gaber*
                                         Jackson Geadelmann*
                                         Jude Hagerman*
                                         University of Iowa College of Law
                                         Clinical Law Programs
                                         Federal Impact Litigation Clinic
                                         380 Boyd Law Building
                                         Iowa City, IA 52242-1113
                                         Telephone: 319-335-9023
                                         Email: kate-goettel@uiowa.edu

                                         *Counsel for Plaintiffs*

                                         * Authorized law student practitioners

**CERTIFICATE OF SERVICE**

I certify that on October 1, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to counsel for Defendants.

/s/ Katherine Melloy Goettel
KATHERINE MELLOY GOETTEL
*Counsel for Plaintiffs*