IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| PRASOON KUMAR, SONGLI CAI, HAORAN YANG, SRI CHAITANYA KRISHNA AKONDY | ) ) ) ) | No. 3:25-cv-00042-RGE-WPK |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Defendants' Reply Brief to Plaintiffs Resistance to Defendant's Motion |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al, | ) ) ) | to Dismiss |
| Defendants. | ) ) ) | |

Defendants respectfully file this Reply Brief to Plaintiffs' Resistance to Defendants' Motion to Dismiss (ECF 59; *see also* ECF 42). Recognizing the limited purpose of a reply brief, *see* Local Rule 7(g), Defendants will not reargue their original points. Rather, Defendants will address two, discrete issues raised in Plaintiff's Resistance.

*First*, Plaintiffs spend a good deal of time emphasizing that they have sought a declaratory judgment (*see* ECD 59, at 7-8), as if that prayer for relief is a standalone defense to Defendants' mootness argument. It isn't. Even in the context of cases brought under the Declaratory Judgment Act, there is still a requirement of a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory

judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273

(1941).  As one court of appeals more recently explained:

> Actions seeking a declaratory judgment must comport with the same
> mootness principles as any other suit.  It is well established that what
> makes a declaratory judgment action a proper judicial resolution of a
> "case or controversy" rather than an advisory opinion is the settling of
> some dispute which affects the behavior of the defendant toward the
> plaintiff.  The crucial question is whether granted a present
> determination of the issues offered will have some effect in the real
> world.

*Unified School District No. 259 v. Disability Rights Center of Kansas*, 491 F.3d 1143,

1147 (10th Cir. 2007) (cleaned up).  Additionally, as the Supreme Court observed in

*Already, LLC v. Nike*, 133 S. Ct. 721, 727 (2013) (citation omitted): "No matter how

vehemently the parties continue to dispute the lawfulness of the conduct that

precipitated the lawsuit, the case is moot if the dispute is no longer embedded in

any actual controversy about the plaintiffs' particular legal rights."  (Compare ECF

59, at p. 9, emphasizing that plaintiffs "continue to vigorously contest the question

of whether the government's actions were lawful.").

Plaintiffs filed a lawsuit because their SEVIS records had been terminated.

Those records have now been restored, retroactively, and Defendants have made

clear assurances that the agency will not again revoke plaintiffs' SEVIS

designations based upon the NCIC information that led to the initial terminations.

There is no further meaningful relief that the Court can grant, so the Complaint

should be dismissed.

*Second*, Defendants have introduced the specter of a new rule proposed by

the Department of Homeland Security, which is entirely irrelevant to the issue

before this Court.  It also compounds the confusion Plaintiffs have attempted to sow regarding the distinction between a student's visa and the student's SEVIS record.

As background, a Notice of Proposed Rulemaking on the duration of student visa status was issued on August 28, 2025.  *See generally* 90 Fed. Reg. 42070.  The Notice has a public comment period that expired on September 29, 2025.  The proposed rule would change the authorized period of stay for nonimmigrant students, limiting the time they can be in the United States to a fixed period of time, rather than the current broad "duration of status" term.  This proposed change to the duration of status term is entirely separate from—and irrelevant to—Plaintiffs' complaints about their SEVIS records.  In simple terms, the length of time that a person may remain in the United States under a student visa has nothing to do with a person's SEVIS record.  If anything, the proposed rule might be relevant to student visa issues, which Plaintiffs specifically disavowed as a theory supporting their Complaint.  (*See* Complaint, ¶ 5.)  But again, this is a *proposed* rule, and this Court is not the appropriate forum to contest proposed amendments to the Code of Federal Regulations.

WHEREFORE, based upon the entire record of this case, including

Defendants' Motion to Dismiss (ECF 42), the Court should dismiss Plaintiffs'

Complaint on the grounds of mootness.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/Andrew H. Kahl*
    Andrew H. Kahl
    Assistant United States Attorney
    Neal Smith Federal Building
    210 Walnut Street, Ste 455
    Des Moines, Iowa 50309
    Telephone: (515) 473-9300
    Facsimile: (515) 473-9282
    andrew.kahl@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery

 __X__ECF/Electronic filing    _____Other means

UNITED STATES ATTORNEY
By:  */s/ Suellen Irwin*
     Paralegal Specialist