IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| PRASOON KUMAR, SONGLI CAI, HAORAN YANG, and SRI CHAITANYA KRISHNA AKONDY,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; the DEPARTMENT OF HOMELAND SECURITY; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br><br>Defendants. | No. 3:25-cv-00042-RGE-WPK<br><br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY |

## I.  INTRODUCTION

Now before the Court is Defendants Kristi Noem, Department of Homeland Security, and Todd Lyons's Motion to Stay or, in the Alternative, for an Extension of Time. Defs.' Mot. Stay, ECF No. 66. Defendants request a stay due to the filing of a notice of appeal in this case and the current lapse in government appropriations. In the alternative, Defendants requests a two-week extension of deadlines. Plaintiffs Prasoon Kumar, Songli Cai, Haoran Yang, and Sri Chaitanya Krishna Akondy did not respond to the motion to stay.

## II.  BACKGROUND

Plaintiffs allege the wrongful termination of student status in SEVIS prevents their continued study; prevents otherwise permissible student-related employment; decreases their ability to obtain future visas; causes irreparable financial, educational, and career disruption; exposes them to removal; and causes irreparable stress and anxiety due to fear of imminent seizure and removal. Compl., ECF No. 1. Plaintiffs also allege Defendants acted with the nonparty

Department of State to terminate their F-1 student visas. *Id.* Plaintiffs moved for a temporary restraining order and preliminary injunction. Pls.' Mot. TRO & Prelim. Inj., ECF No. 5.

The Court entered the preliminary injunction order on May 15, 2025, stating Defendants shall: 1) "maintain Plaintiffs['] . . . F-1 student status in . . . SEVIS[], including notation of active status backdated to the date of termination," Order Grant Prelim. Inj. 24, ECF No. 32; 2) "provide to the Court copies of such records or screenshots demonstrating that schools and other agencies may view notations as to backdating and shall through sworn declaration attest to the date of entries made to the SEVIS system," *id.* ; 3) "set aside the F-1 student status termination decisions as to Plaintiffs," *id.*; 4) "not terminate Plaintiffs['] . . . F-1 student status absent a valid ground as set forth in 8 C.F.R. § 214.1(d)–(g), and an adequate individualized pre-deprivation proceeding before an impartial adjudicator for each Plaintiff, in which they will be entitled to review any adverse evidence and respond to such evidence prior to determining anew that any Plaintiff's F-1 student status should be terminated," *id.*; 5) "not arrest, detain, or transfer Plaintiffs . . . out of this Court's jurisdiction, or order the arrest, detention, or transfer of Plaintiffs . . . out of this Court's jurisdiction, without first providing adequate notice to both this Court and Plaintiffs' counsel as well as time to contest any such action," *id.* at 24–25; 6) "not initiate removal proceedings against or deport Plaintiffs . . . on the basis of the termination of their F-1 student status," *id.* at 25.

Defendants filed a motion seeking to amend the preliminary injunction order. Defs.' Mot. Alt. Amend Prelim. Inj. Order, ECF No. 33. The Court denied the motion. Order Den. Defs.' Mot. Alt. Amend Prelim. Inj. Order, ECF No. 38.

Defendants then moved to dismiss the case, arguing the Court lacked jurisdiction because Plaintiffs' claims had become moot. Defs.' Mot. Dismiss 1–2; ECF No. 42. Defendants also filed a second motion to amend the preliminary injunction order. Defs.' Second Mot. Alt. Amend Prelim. Inj. Order, ECF No. 46.

2

Defendants filed an interlocutory appeal of the order denying their first motion to amend the preliminary injunction order. Defs.' Notice Interlocutory Appeal, ECF No. 54; *see* ECF No. 38. Defendants also appealed the Court's order granting the preliminary injunction. ECF No. 54; *see* ECF No. 32.

After Defendants appealed, Plaintiffs entered a motion to complete the administrative record. Pls.' Mot. Complete Admin. R., ECF No. 61.

Now before the Court is Defendants' motion to stay the proceedings. ECF No. 66.

### III. LEGAL STANDARD

Federal courts have broad discretion to manage their dockets, including staying proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

"The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708 (citation omitted). Factors courts consider in determining whether to grant a stay include: 1) the source of the governing law; 2) whether a stay will simplify the issues; 3) the stage of the litigation; and 4) the potential prejudice to the non-moving party caused by the delay. *See Darsie v. Avia Grp. Int'l, Inc.*, 36 F.3d 743, 745 (8th Cir. 1994) (looking to "the source of the governing law . . . and the relative progress of [the] action" (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21–26 (1983); *Fiedler ex. rel Fiedler v. Reliance Elec. Co.*, 823 F.2d 269, 270 (8th Cir. 1987))); *Landis*, 299 U.S. at 256 (ascertaining whether a stay will "simplify" the relevant "question[s] of fact and law"); *Clinton*, 520 U.S. at 707–08 (considering the "danger of prejudice" to the non-moving party if a stay is granted); *see also Brown v. Louisiana-Pac. Corp.*, No. 4:12-CV-00102-SMR-TJS, 2013 WL 11826550, at *1 (S.D. Iowa June

14, 2013). Courts must apply these factors "in a pragmatic, flexible manner with a view to the realities of the case at hand" and "balance the[] factors against [the court's] virtually unflagging obligation . . . to exercise the jurisdiction given them." *Darsie*, 36 F.3d at 745 (alterations in original) (internal quotation marks and citations omitted).

## IV.   DISCUSSION

Defendants assert a stay of this case is warranted because the currently pending matters before the Court are inextricably bound up in the issues now on appeal—and, therefore, the Court has been divested of jurisdiction. ECF No. 66 ¶¶ 1–2. Defendants also argue a lapse in government appropriations has suspended funding for the United States Department of Justice and, therefore, Defendants' counsel is unable to devote resources to civil litigation matters outside of public safety or national security matters. *Id.* ¶ 3. In the alternative, Defendants request a two-week extension on deadlines. *Id.* ¶ 4. Plaintiffs did not file a response to Defendants' motion to stay. Defendants note in the motion Plaintiffs "do not agree that a stay is appropriate, but that Plaintiffs do not resist Defendants' alternative request for an extension of time." *Id.* ¶ 5.

After reviewing the record, the Court finds the relevant factors weigh in favor of staying the proceedings in this matter because the matter is currently on appeal and because of the effect of the lapse in government appropriations on Defendants' counsel.

All factors point in favor of staying the proceedings in this matter. The matters currently on appeal before the Eighth Circuit, concerning the Court's grant of Plaintiffs' request for a preliminary injunction and the Court's denial of Defendants' motion to amend the preliminary injunction, will bear directly on the pending motions before the Court. *See id.* The resolution of the appeal will clarify and resolve claims in the pending motions because the issues on appeal and the issues pending before the Court are largely the same. *Brown,* 2013 WL 11826550, at *2 (denying a motion to stay in part because the resolution of a similar case "will not necessarily aid

in clarifying or resolving the claim in this case, as the governing law for these two claims is, in fact, different."); *see Darsie*, 36 F.3d at 745. Similarly, a stay will simplify the relevant questions of fact and law before the Court. *Cf. Landis*, 299 U.S. at 256. The decision on the appeal will resolve pending matters: Defendants' mootness claim in their motion to dismiss and Defendants' request for relief in their second motion to amend the order granting the preliminary injunction. *See* ECF No. 42 at 1–2; Defs.' Br. Supp. Mot. Dismiss 6–12, ECF No. 42-1; ECF No. 46 ¶ 6. The early stage of the litigation also points toward a stay in this case. *Cf. Darsie*, 36 F.3d at 745. Significant developments, such as extensive discovery, have not yet occurred and no trial date has yet been set. Finally, the potential prejudice to the non-moving party, Plaintiffs, is minimal. *Clinton*, 520 U.S. at 707–08. The preliminary injunction granting Plaintiffs' requested relief remains in effect for the duration of the stay. *See* ECF No. 32.

The Court applies the factors "with a view to the realities of the case at hand" and broader context. *Darsie*, 36 F.3d at 745. The Court notes the limited resources available to Defendants' counsel to attend to this case due to the current lapse in government appropriations. *See* ECF No. 66 ¶ 3.

For the foregoing reasons, the Court stays the proceedings in this case. The stay will lift automatically upon the resolution of the appeal or the effective date of any restoration of appropriations for the Department of Justice, whichever is first.

### V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants Kristi Noem, the Department of Homeland Security, and Todd Lyons's Motion to Stay, ECF No. 66, is **GRANTED**. The stay will lift automatically upon the resolution of the appeal or the effective date of any restoration of appropriations for the Department of Justice, whichever is first.

**IT IS FURTHER ORDERED** that no later than forty-eight hours after either Defendants' appeal is resolved or the lapse in appropriations ends, the parties shall file a notice indicating such.

**IT IS SO ORDERED**.

Dated this 24th day of October, 2025.

_____
REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE