# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# DAVENPORT DIVISION

| | |
|---|---|
| PRASOON KUMAR, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Security, *et. al*, <br><br> *Defendants*. | Case No. 3:25-cv-00042-RGE-WPK <br><br> **JOINT MOTION TO APPROVE STIPULATION AND DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** |

## JOINT MOTION TO APPROVE STIPULATION AND DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)

The parties have entered a stipulation and settlement. ECF No. 69. Accordingly, pursuant to Federal Rule of Civil Procedure Rule 41(a)(2), Plaintiffs Prasoon Kumar, Songli Cai, Haoran Yang, and Sri Chaitanya Akondy and Defendants the Secretary of the U.S. Department of Homeland Security ("DHS") and Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), jointly move for the Court to approve the following agreed-upon stipulated terms and to dismiss this case.

It is hereby stipulated, by and between Plaintiffs and Defendants, by and through their undersigned counsel, as follows:

1.  The Student and Exchange Visitor Information System ("SEVIS") records for the Plaintiffs in this case have been reset to "active" status by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE").

2. The reactivation of the Plaintiffs' SEVIS records is retroactive to the date of their initial terminations, April 10, 2025, such that there is no gap or lapse in the Plaintiffs' SEVIS records. Although the SEVIS event history within Plaintiffs' SEVIS records may memorialize whatever modifications are made to their SEVIS accounts, the effect of this retroactive activation is as though the termination of the Plaintiffs' SEVIS records did not happen. Defendant DHS provided a letter to the Plaintiffs and undersigned counsel explaining that other federal agencies should treat the retroactive activation as though the terminations did not happen.

3. ICE will not re-terminate the Plaintiffs' SEVIS records based on the National Crime Information Center ("NCIC") record that led to the initial termination. ICE maintains the authority to terminate a SEVIS record for other lawful reasons such as if a student fails to maintain their nonimmigrant status after the record is reactivated or engages in other unlawful activity as defined in 8 C.F.R. 214.1(g).

4. DHS has not received communication from the Department of State that the Plaintiffs' visas have been revoked with immediate effect. A visa revocation effective upon departure, as distinct from a visa revocation which is effective immediately, does not establish removability under INA § 237(a)(1)(B).

5. The termination and reactivation of the Plaintiffs' SEVIS records by SEVP, as set forth in Paragraph 1 of this Stipulation, will not have any negative impact on the adjudication of any benefit request by DHS, including U.S. Citizenship and Immigration Service's ("USCIS"). If, while adjudicating such application or benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE, USCIS will continue processing the benefit request in accordance with all applicable laws, regulations, policies, and procedures.

6. In the event USCIS issues a request for evidence, notice of intent to deny, or denial based in whole or part on the termination and reactivation of the Plaintiffs' SEVIS records (as set

forth in Paragraphs 1 and 2 of this Stipulation), counsel for Defendant agrees to cooperate with the Plaintiffs' counsel to ensure USCIS is aware of this Stipulation and its terms in connection with its consideration or reconsideration of the Plaintiffs' benefits requests.

7. Federal Defendants shall communicate the terms of this Stipulation to the U.S. Department of State.

8. The Plaintiffs shall dismiss this action with prejudice. Each party shall bear its own fees and costs.

Based on the foregoing terms, the parties jointly move under Federal Rule of Civil Procedure 41(a)(2) for dismissal of this case.

Dated: December 4, 2025

*/s/ Katherine Melloy Goettel*
KATHERINE MELLOY GOETTEL
University of Iowa College of Law
Clinical Law Programs
380 Boyd Law Building
Iowa City, IA 52242-1113
Telephone: (319) 335-9023
Email: kate-goettel@uiowa.edu

*Attorneys for Plaintiffs*

David C. Waterman
United States Attorney

*/s/ Andrew H. Kahl*
ANDREW H. KAHL
Assistant United States Attorney

*Attorneys for Defendants*